EASTERN DIST.
*March*, 1835.

PRITCHARD·
ET UX.
*vs.*
CITIZENS' BANK.

============

### PRITCHARD ET UX. *vs.* CITIZENS' BANK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When parties to a marriage contract do not stipulate and fix their rights by a matrimonial convention, they are considered as having left those rights to be regulated by such laws as may be enacted from time to time during the continuance of the marriage: *Held*, also, that laws authorising the alienation of the dotal property of the wife, and giving her power to mortgage her property and bind herself *in solido* with her husband, are constitutional, and may be applied to marriages or marriage contracts, entered into previously to their passage.

Parties having married in another state, and removing to this, their rights, concerning any property they may afterwards acquire, are to be governed and regulated by the law of their domicil.

So, as to the rights of either spouse, in the succession of the other, they will be tested, *not* by the law in force at the time of the marriage, but by that existing at the time the succession is opened.

The legislature has the power to remove or modify the legal capacities of minors or married women, as may be deemed expedient._ Incapacities and disabilities are creatures of the law, and may at any time be removed or modified by it *eadem modo*.

This is an action to require the Citizens' Bank, in New-Orleans, to receive certain *dotal* property on mortgage for bank stock, subscribed by the plaintiffs in said bank.

EASTERN DIST.
*March,* 1835.

PRITCHARD
ET UX.
*vs.*
CITIZENS' BANK.

The plaintiffs allege they subscribed in the name of Mary Ross Pritchard, for seven hundred and fifty shares of stock, and in due time tendered to the directors of the Citizens' Bank, a certain lot of ground with eleven dwellings and two other houses, and their appurtenances thereon, to be mortgaged as a security for their stock, in pursuance of the provisions of the bank charter. They allege that this property belongs to the wife, in her own right, and was constituted *dotal property* in the marriage contract between them ; and that it is sufficient in value to secure said stock. They further show, that the directors refuse to receive it on mortgage, alleging that this lot is dotal property and cannot be legally mortgaged or alienated. "Now, your petitioners charge, that by a law of the state, approved the 5th of February, 1829 ; and by the 25th section of the charter of said bank, all legal impediments to mortgaging said property have been removed."

The bank, by its counsel, answered, "that the property proposed to be mortgaged, being *dotal,* cannot legally be mortgaged or alienated ; that the law of the state on which the plaintiffs rest their right to mortgage this property, is unconstitutional, inasmuch as it impairs the obligations and privileges resulting from the marriage contract previously entered into between the petitioners ; and, further, that the 25th section of the bank charter is not applicable to marriage contracts made before the date of the charter."

Upon these pleadings and issues the parties went to trial.

The marriage contract between the plaintiffs is in evidence. It is dated June 6th, 1818, and constitutes the wife's interest in the property now in question, *as dower.*

On the 5th of February, 1829, the legislature passed an act " empowering the petitioners to dispose of this lot by *deed of sale, or otherwise.*" The Citizens' Bank charter is dated April 1st, 1833, the 25th section of which, provides, " that in all contracts or mortgages entered into, with the corporation, if the person be married, it shall be lawful for the wife to join in the said contract or mortgage, and bind herself conjointly and *in solido,* with her husband, and *to renounce,*

EASTERN DIST.
March, 1835.

PRITCHARD
ET UX.
vs.
CITIZENS' BANK.

cede, mortgage, &c., her rights, privileges or property, as well dotal as of any kind or nature whatsoever."

The district judge considering the property in question as dotal, and in constituting it as such, the parties intended to subject themselves and the property to the disabilities which the law then attached to them and it. But the removal of of those disabilities does not impair the contract between them or retroact on their rights. Regarding the right and power of the legislature to pass the act of 1829 and the provision in the bank charter in 1833, under the constitution of the state, there does not seem to be any conflict or opposition between them. Judgment was rendered for the plaintiffs and the defendants appealed.

*Eustis*, for the plaintiffs.

*Soulé* and *Morphy*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

This is an action to compel the Citizens' Bank to receive a certain lot of ground with the buildings thereon, part of the dotal property of the wife of the plaintiff, as security for seven hundred and fifty shares of stock, subscribed by the plaintiff and wife in said bank, according to the terms of its charter. The bank refused to receive the property, on the ground that it being the *dot* of his wife, was not susceptible of mortgage. From a decree rendered in favor of the plaintiffs, the bank has appealed to this court.

The counsel for the plaintiffs in support of their demand, relies on a private act of the legislature, passed for the special benefit of his clients, approved the *5th of February*, 1829, (*Session Acts of* 1829, *page* 136,) by which R. O. Pritchard and Mary Ross Pritchard his wife "are authorised and empowered to *dispose of by deed of sale or otherwise*," the houses and lot now in question, "any law to the contrary notwithstanding;" and he also relies on the 25th section of the charter of said bank, which *authorises* married women to bind themselves *in solido* with their husbands and mortgage their *dotal* and other property to the bank.

On the other hand the counsel for the bank contend, that the constitution forbids the application of these acts, to the case of the plaintiffs, who were married in 1818, anterior to their enactment; and because by the marriage contract between them, this property is declared to be dotal, and as such was inalienable by the existing laws, except in certain cases, none of which are pretended to be like the present one.

The constitutionality of the private act and the 25th section of the bank charter alluded to, so far as they are sought to be applied to the case before us, are the only points presented for the consideration of the court.

When the parties to a marriage contract do not choose to stipulate and fix their rights by a matrimonial convention, they are considered as having left or wished those rights to be regulated by the law of the land. They are not, however, to be governed by the laws which are in existence at the place and at the time of their union, but by such laws for the time being, as may be in force during its whole continuance.

This court has decided and held in the case of *Saul* vs. *His Creditors*, 5 *Martin, N. S.* 569, that the parties having removed from the state of Virginia, in which they were married, to the state of Louisiana, their rights concerning any property afterwards acquired, are to be regulated by the law of the place to which they had removed. So future rights accruing thereafter are tested by the laws which are in force at the period when they accrue; as to the rights of either spouse in the succession of the other, they will be tested not by the law that was in force at the time of the marriage, but at the time the succession is opened.

It is said the private act and the provision in the bank charter relied on, impose the obligation (or create the right, which is the same thing) resulting from the contract of marriage, inasmuch as they put the wife *in duriori casu* by depriving her of the security which she had under the marriage, for her dotal property, by protecting it from waste through the influence of the husband and the too great confidence of the wife.

EASTERN DIST.
*March*, 1835.

PRITCHARD
ET UX.
*vs.*
CITIZENS' BANK.

When parties to a marriage contract do not stipulate and fix their rights by a matrimonial convention, they are considered as having left those rights to be re-regulated by such laws as may be enacted from time to time, during the continuance of the mar-. riage: *Held,* also that laws authorising the alienation of the dotal property of the wife, and giving her power to mortgage her property, and bind herself *in solido* with her husband, are unconstitutional, and may be applied to marriages or marriage contracts, entered into previously to their passage.

Parties having married in another state, and removing to this, their rights concerning any property they may afterwards acquire, are to be governed and regulated by the law of their domicil.

So, as to the rights of either spouse in the

EASTERN DIST.
*March*, 1835.

PRITCHATD
ET UX.
*vs.*
CITIZENS' BANK.

succession of the other, they will be tested, not by the law in force at the time of the marriage, but by that existing at the time the succession is opened.

It is true the incapacities under which the law places minors and married women are all intended for the benefit of those persons ; but as time and circumstances occasionally render these incapacities injurious to them, *it is in* the power of the legislature to remove or modify the disabilities under which they labor.

When the United States took possession of this country the laws of Spain protracted the period of minority until the expiration of the twenty-fifth year. The legislature of the territory modified this provision of the Spanish law, and provided that minority should cease at the age of twenty-one years. No injury ensued in regard to those persons then between the ages of twenty-one and twenty-five years, yet their capacity and power were enlarged and encreased, and it is probable some of them may have made an indiscreet use of the faculty given them to dispose of their property and to manage their affairs themselves. This misfortune, if it were such, was no doubt more than compensated by the ability of the majority of them to exert their industry and acquire wealth and experience in business. We are never to presume that the legislature acts in any case or passes any law without proper consideration or deliberation. Circumstances may have rendered it expedient that the plaintiffs should be enabled to dispose of a lot of ground such as the present, which was part of the dowry. The interest of the parties required it ; the vigor of mind and discretion of the wife and her prudence, most likely justified the interference of the law-making power.

The extension of the commerce of the state, calling for an increase of banking capital, the general assembly deemed it proper to facilitate it by removing some of the incapacities under which married women labored in regard to certain rights and contracts and the inalienability of the dowry. It is not unlikely that some injury may result by the removal of these disabilities, but the legislature supposed more good would be attained and that injuries springing from these acts would be more than compensated by the attainment of the objects it had in view.

The legislature has the power to remove or modify the legal incapacities of minors and married women, as may be deemed expedi-

Neither the special act, nor the provisions of the bank charter authorise the alienation of any property without the consent of all the parties interested and concerned. They neither violate nor impair any right or obligation; and neither places any of the parties *in duriori casu.* Incapacities and disabilities are all creatures of the law, and may at any time, be removed or modified by it, *eadem modo.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.