## WARREN M. BENTON *v.* JAMES ROBERTS.

An execution cannot be enjoined, on grounds which might have been pleaded in defence before judgment.

APPEAL from the District Court of Carroll, *Curry*, J.

*Copley* and *Hyams*, for the appellant.

*Dunlap*, for the defendant.

GARLAND, J. The petition represents that on the 22d of July,

1840, the defendant, who is a resident of Virginia, obtained a judgment against the plaintiff for $5121 50, with interest, &c., from which the latter appealed to this court, but that his appeal was illegally dismissed, and that the sheriff was about to execute the judgment by seizing and advertising for sale a judgment, which he (plaintiff,) had obtained against Abner C. and James Roberts, on the 31st of May, 1841. It is further alleged, that the execution on the judgment of the defendant against the plaintiff, was issued illegally and improvidently, because the judgment was illegally rendered, and is oppressive and unjust. The plaintiff avers that the sheriff will sell the judgment obtained by him against the defendant and A. C. Roberts, unless prevented. He alleges that an injunction ought to be granted him :

*First,* Because he has paid James Roberts $1102 02 in cash or otherwise, which sum should have been credited on the judgment and execution, it having been paid previous to the rendition of the judgment.

*Second,* Because, as he alleges, Abner C. Roberts and James Roberts owe him, *in solido,* a note, the amount of which was due on the 1st of March, 1840, for the sum of $4380, less $675, of which he is the endorsee, which note is secured by mortgage, and which he has a right to have compensated against the judgment attempted to be executed. The various sums which make up the $1102 02, according to the plaintiff's own statements, were existing in 1838, previous to the judgment rendered in favor of the present defendant. An injunction was granted on these allegations against the sheriff and James Roberts, he being a nonresident. The sheriff accepted a service for himself, and the petition and citation intended for James Roberts were served, as the sheriff returns, by handing them to his attorney, L. Selby, he representing said Roberts.

The defendant moved to dissolve the injunction *instanter :*

*First,* Because the petition states the defendant to be an absentee, and no person has ever been legally appointed to represent him.

*Second,* Because the affidavit is insufficient; it stating that all the allegations in the petition are true, when there is nothing stated to justify an injunction.

*Third,* If the judgment of the defendant against the plaintiff was illegally rendered, the remedy is by appeal; and if the Supreme Court acted wrong in dismissing the appeal, the District Court has no jurisdiction to redress the injury.

*Fourth,* Because the matters stated as ground of injunction, according to plaintiff's own allegations, might have been pleaded in the defence of the case in which the judgment has been enjoined, and some actually were so pleaded; and because it is now too late to present them.

*Fifth,* Because his judgment is for $5121 50, with interest, and the amount claimed to be compensated only $4812, and interest.

He further prays for interest, damages, and costs.

The case was tried on the allegations in the petition, without any evidence except as to the value of the attorney's fee. The injunction was dissolved, and the judge gave a judgment against the plaintiff and his security on the injunction bond, for the sum of $250 for counsel fees, as special damages, for five per cent interest on the judgment enjoined amounting to $354, and for $728 damages under the act of 1831, relative to injunctions.

As the case now stands, it must be decided on the allegations in the petition, which are to be taken as true. Those in relation to the judgment alleged to have been seized, are very vague and loose. The amount of the judgment is not stated, so that a credit could be entered; but the date and the number of the suit is given, by which we are enabled to see, that the judgment alluded to was reversed by this court, so far as it relates to James Roberts, at the last October term. 1 Robinson, 101.

As to the demands which Benton now wishes to plead in compensation, they all existed, according to his own showing, previous to the judgment against him. It has been long settled by this court, that an injunction cannot issue to stay an execution, on grounds which might have been pleaded in defence before the judgment. 8 La. 134. Idem. 273. 2 La. 181. 1 Mart. N. S. 71. 8 Ib. N. S. 513. Litigation might be greatly protracted, were it permitted to a defendant to withhold his pleas of payment or compensation, until after a judgment, and then arrest an execution, for the purpose of settling questions which, with more pro-

priety, should have been decided when the first suit was on trial. The attempt to arrest a judgment, because this court and the inferior tribunal have decided the case incorrectly, is only calculated to bring into ridicule the plaintiff, and those who advised him to institute such a suit.

We do not think that the judge erred in dissolving the injunction. As to the damages they seem to us very large; but there is no evidence in the record that enables us to say whether the judge exercised a sound legal discretion or not.

*Judgment affirmed.*