PERRY S. KENNARD *v.* JOHN M. HENDERSON and others.

An injunction cannot be issued to stay an execution, on grounds which might have been pleaded in defence before the judgment.

To authorise one against whom *fi. fa.* was issued, to enjoin it, for the purpose of pleading in compensation a note of the plaintiff's in execution, the former must show that he acquired the note subsequently to the date of the judgment on which the execution was issued.

APPEAL from the District Court of Madison, *Willson,* J.

*Dunlap,* for the appellant.

*Shannon,* for the defendants.

MORPHY, J. The plaintiff and appellant complains of the dissolution of an injunction he had obtained, against an execution issued under a judgment rendered against him, for two thousand dollars, with interest at the rate of eight per cent per annum from the 27th of September, 1838, in favor of John M. Henderson, suing for the use of Thomas S. Thornly. He alleges that John M. Henderson is the real and *bona fide* holder of the note on which the judgment is founded; that he has had the suit brought for the use and benefit of Thornly, with the fraudulent design and intent to avoid the just offsets which he holds and has long held against said Henderson, who is notoriously insolvent; that, at the time of the institution of the suit, and the rendition of this judgment, said Henderson was justly indebted to him in the sum of $2000, which yet remains due and unpaid; that he would have availed himself of this offset on the trial of the cause, but that, at that time, he had mislaid the note upon which his claim was founded; that he now produces said note

of $2000, on which John M. Henderson is endorser, which he pleads in compensation, together with another note of $1590 19, executed by Henderson to Folkes, Walker & Co., by whom it has been transferred in blank to him, both which notes he avers to be his *bona fide* property.

Wm. H. Kennard, a witness for the defendants, testifies that he knows that Thomas S. Thornly is entitled to all the benefits arising under the judgment enjoined; that the plaintiff in injunction went to Vicksburg to see witness, to get him to go to Thornly, to inquire if he would agree that he (plaintiff) should be permitted to take up a note due by Thornly to the Planter's Bank, and to let that take up the note upon which suit was brought against him. The same witness declares that the note of $2000, pleaded in compensation, belongs to John M.Henderson, who had put it in the hands of Perry S. Kennard, for the purpose of buying lots No. 11 and 12 north, in the City of Jackson, which are mentioned in the body of the note; that the property had been purchased from one Shields by Martin, the drawer of the note; and that it was to have been given up to Martin in payment of the two lots, and was handed to the plaintiff after maturity.

In relation to the other note of $1519 19, which became due on the 4th of January, 1839, the plaintiff has not shown that he acquired it subsequent to the 20th of May, 1842, the date of the judgment enjoined; this proof he should have made, if he wished to bring himself within the case of *Caldwell* v. *Davis* (2 Mart. N. S., 135), upon which he relies. As he has not done so, we must adhere to the rule, which we think a sound one, that an injunction cannot issue to stay an execution, on grounds which might have been pleaded in defence before the judgment. 1 Mart. N. S. 71. 9 Ib. N. S. 513. 2 La. 181. 8 La. 101. 3 Rob. 224. See also the case of *De Lizardi et al.* v. *Hardaway et al.* The injunction should be dissolved, and heavy damages awarded against the plaintiff, who evidently resorted to this proceeding for the sole purpose of delay; but there is error in that part of the judgment, which decrees him to pay the debt he was already adjudged to pay by the judgment enjoined.

It is, therefore, ordered, that the judgment of the District Court

be reversed as to Perry S. Kennard, the plaintiff in injunction; and it is ordered and decreed that the injunction granted in this case be dissolved; and that Henderson, suing for the use and benefit of Thos. S. Thornly, do recover of the said Perry S. Kennard, twenty per cent as general damages on the amount of the judgment enjoined, with costs below; those of this court, to be paid by the appellee.