## R. W. McRae v. Purvis, Gladden & Co.

The plaintiff in an action is not bound to set forth, and at the same time accompany by a specific denial, matters of defence which the defendant may urge in his own behalf.

An injunction will not be maintained in arrest of an execution on grounds that might have been pleaded in defence before judgment.

APPEAL from the Ninth District Court for the Parish of Pointe Coupée, Cooley J. W. H. Cooley, for plaintiff. A. Provosty, for defendants.

LEA, J. The defendants obtained a judgment against the plaintiff for $4799 05, with interest thereon, upon his endorsement of a protested draft of which they were the holders and owners. This judgment was rendered after due citation to the plaintiff, served personally, and after all the delays and formalities of the law had been complied with, Notice of judgment having been duly served, a writ of fieri facias was issued, by virtue of which the plantation and slaves of the plaintiff in this suit were seized.

This suit is brought for the purpose of annulling the judgment referred to on the following grounds, viz:

That said judgment was obtained by fraud on the part of said Purvis, Gladden & Co. in concealing and denying a credit on said draft for the sum of $2240 21, to which he was entitled, and which the said Purvis, Gladden & Co. well knew to have been paid on said draft, that it was impossible for plaintiff to prove this payment for the reason that it had been paid by the drawer of the draft, a fact which was unknown to plaintiff until a long time after it was so made. That as soon as the suit of Purvis, Gladden & Co. was instituted, and he perceived that no credit was given on said draft for said payment, he immediately employed counsel to defend said suit, and plead said sum in diminution of said claim; but that although he knew that said note was entitled to a credit he was ignorant of the precise sum, and that although he used all reasonable and legal diligence to ascertain the amount yet he was unable to do so until after judgment had been rendered in the case.

The petitioner further avers that in consequence of the prevalence of the yellow fever in the parish of Pointe Coupée he was compelled to leave the State, and that the defendants took advantage of his known absence to procure the confirmation of a judgment by default, well knowing that the plaintiff was not in the parish to swear to the facts necessary to obtain the legal delay. That not knowing the exact amount of the credit to which he was entitled he could

not plead it as a defence to the action against him—wherefore he prays that the judgment rendered against him be declared null and void, that he be decreed to be entitled to a credit of $2243 21, on the note; and further, that he recover $5000 damages against the defendants for obtaining the judgment by fraud as aforesaid. He further asks that the execution issued upon the judgment be enjoined, and that the injunction be made perpetual.

It is evident, from a mere statement of the case, that by the plaintiff's own showing, he has no offset whatever to set up against the greater part of the judgment, which he seeks to annul, and against the execution, of which he has obtained an injunction; and, as respects that portion against which he pretends to have an offset, it is evident that he resorted to no such measures of defence as can be deemed in law the exercise of a proper diligence. Though cited personally, and with a full knowledge of the matters of defence now urged in support of the injunction, he allowed a judgment by default to be confirmed and made final without filing an answer, or interposing any other plea or suggesting any right of offset. No application was made for further time to file an answer, nor was any affidavit made for a continuance, nor was any suggestion made, whether supported by affidavit or otherwise, of an inability to make a proper defence. It appears to us that to annul a judgment so rendered upon grounds existing and known to have existed before the rendition of the judgment would be offering a premium to neglect. The 607th Article of the Code of Practice has no application to such a case. The judgment was obtained fairly and upon proper evidence, and not through fraud or mal-practices. The defendants were not bound to set forth, and at the same time accompany by a special denial matters of defence which the plaintiff in the injunction neglected to urge on his own behalf. An injunction will not be maintained in arrest of an execution, on grounds that might have been pleaded in defence before judgment. 3 Ann. Rep., 209; 1 Ann. 284; 8 Ann. 101; 6 Ann. 800. We think, therefore, that the exception taken by the defendants should have been maintained, and the injunction dissolved with damages. This view of the case makes it unnecessary to examine the questions of fact put at issue by the answer on the merits.

It is ordered that the judgment appealed from be reversed; that the prayer of the plaintiff's petition be rejected; that the injunction issued herein be dissolved and set aside; that the defendants recover of the plaintiff three per cent. additional interest upon the amount of the judgment enjoined, from the date of the order of injunction, viz: March 19th, 1856, until the day of its dissolution, together with $200 special damages, and that the costs of suit in both courts be paid by the plaintiff and appellee—reserving, however, to the plaintiff his right to sue for and recover from the defendants, in a separate suit, any sum of money to which he is entitled in consequence of any obligation on the part of said defendants growing out of the alleged facts in the petition set forth.