### James H. Stevens et al. *v.* Sarah A. H. Stevens, Administratrix.

Under Article 1057 of the Code of Practice, the judge is authorized to order execution against an administrator personally, who makes a vague and insufficient answer to a rule, under Articles 1088, 1056, C. P., taken by creditors whose claims have been fixed by a final judgment upon the administrator's account.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J. McGuire & Ray*, for plaintiffs. *J. D. Benton*, for defendant and appellant.

SPOFFORD, J. A judgment final upon the account of the defendant as administratrix, was rendered in this court, at its last term, fixing the amounts to be paid certain creditors out of funds of the succession shown to have gone into her hands.

Upon this judgment becoming executory in the court below, the creditors in whose favor it was rendered, had the same notified to the administratrix, pursuant to Article 1055 of the Code of Practice. She answered that she had no funds. The creditors then took the rule required by the Article 1056, to compel the administratrix to prove the truth of her declaration, by filing in court a brief statement of her condition with regard to said succession.

Her answer was vague, unsatisfactory and insufficient. The judgment of this court, upon the account of administration, had fixed the amount of the fund in her possession applicable to the claims of the complaining creditors.

Under Article 1057 of the Code of Practice, we think the judge was authorised to order execution against her personally.

The appellant, however, complains that the judge improperly refused to allow her to file an amendment to her answer to the rule. There was no error in this refusal. She sought by that answer to re-open controversies which had been adjudged. She could not plead a newly discovered receipt, existing long before the trial upon plaintiffs' claims, as an offset to the judgment they had obtained. Her only remedy was by a proceeding to annul the judgment. The payments attempted to be pleaded in this amended answer were too indefinitely set forth to justify any arrest of the proceedings under the judgment rendered by this court in July last.

Judgment affirmed.