PRICE
v.
MATHEWS.

---

## J. P. TODD *v.* F. M. FISK.

An injunction cannot issue to stay an execution on grounds which might have been pleaded in defence before judgment.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*Race & Foster,* for plaintiff and appellant.   *Clarke & Bayne,* for defendant.

MERRICK, C. J.  The plaintiff has enjoined an execution issued upon a final judgment affirmed by this court on appeal.

The plaintiff in injunction claims to be the holder of a promissory note against the judgment creditor, exceeding the amount of the judgment, and that the same is therefore extinguished by compensation by operation of law.

A motion to dissolve on the face of the papers, on the ground that the petition did not show that the note pleaded in compensation had been acquired by *Todd* since the rendition of the judgment, was sustained, and plain-

Todd
*v.*
Fisk.

tiff appears before us as appellant. He contends, that the judgment of the lower court is erroneous, because defendant contested *Fisk's* right to recover, and could not therefore be held to admit the same by pleading compensation in the original suit, even if he were owner of the note at that time ; and furthermore, that he is not too late after judgment to set up the note by way of compensation.

The case of *Ridell* v. *Gormley*, 4 An. 140, is cited in support of this position.

The Reporter's note to this decision does indeed countenance the doctrine contended for ; but we have looked into the record, and find some facts which distinguish it from the present. The purchase at the probate sale of *Schager*, was made by *William Gormley*, December 4, 1832. The suit brought on *Schager's* indorsement was brought by *William Gormley* and *John P. Miller* against *John H. Holland*, the dative tutor to *Schager's* minor heir, and judgment rendered in their favor generally, in October, 1836.

*Miller's* half of the judgment having been paid, the execution was taken out against the plaintiff, then representing *Schager's* succession, by the widow of *William Gormley*, for the remainder.

It is clear, therefore, that compensation by operation of law did not take place at the time the judgment was rendered in favor of *Miller & Gormley* against *John H. Holland*, tutor ; for *Gormley* was never the debtor of *Schager*, but of the representative of his succession, and compensation could only take place when such representative had consented that the sum so due should be used to extinguish a like amount of indebtedness from *Schager's* estate to *Gormley*. If the court presumed from the circumstances of the case, that such consent had been given after the judgment was rendered and *Gormley's* interest in it ascertained, the case then is not in conflict with the other decisions of the court. At all events, it must not be considered as overturning the well settled principle of law, that an injunction cannot issue to stay an execution, on grounds which might have been pleaded in defence before judgment. See 2 N. S., 135 ; *Benton* v. *Roberts*, 3 Rob. 226 ; *Kennard* v. *Henderson*, 9 Rob. 166 ; *Morgan* v. *Driggs* 3 An. 125 ; *Crow* v. *Watkin's Heirs*, 12 An. 845 ; *Donnell* v. *Parrott*, 13 An. 251.

We do not think the supposed incompatibility of the plea of compensation with the defence to the note sued on in the original suit, an exception to the general rule so well established. Parties must select their defences to an action while it is pending. After judgment, it is too late to remedy defects from a failure of proof upon the original pleas.

Judgment affirmed.