No. 2103.—BENJAMIN BUTMAN v. PETER FORSHAY, et. al.

A motion to dissolve an injunction on the face of the papers may be made after issue joined, in trying which, all the allegations of the petition are taken as true.

An execution cannot be enjoined on grounds that might have been pleaded before judgment.

The District Court that rendered the judgment, alone has jurisdiction of the action to annul it.

C P. 608 ; 2 A. 493.

APPEAL from the Sixth District Court, parish of St. Helena, *Ellis, J. E. F. Russell* and *Julius E. Wilson* for plaintiff and appellant. *E. J. Ellis* for defendant and appellee.

WYLY, J. Plaintiff has enjoined the defendant and sheriff of the parish of St. Helena from selling his property seized to satisfy a judgment recovered against him by the defendant in the parish of St. Tammany.

He avers that said judgment was illegally and improperly rendered against him on the following grounds, to wit: Being absent from the State at the time said judgment was rendered, he knew nothing of the filing of said suit and made no defense; that he had a good defense; "that the transaction or sale by the defendant to him for which the notes sued on were given was made in June, 1863, at a time when the almost exclusive currency of the country was in Confederate treasury notes; that said treasury notes were the real consideration both in the contemplation of the petitioner and the said Forshay, and that the cash payment at the time of said transfer was really and actually made in said treasury notes; that the notes given for the balance of the five hundred dollars were made payable at the office of Captain Warren A. Grice, the notary before whom said act of sale was passed; that petitioner deposited the full amount due on said notes in said Confederate treasury notes at the office of said Warren A. Grice, for the full payment of said notes before their maturity, which deposit was made in strict conformity with the agreement made between said Forshay and petitioner at the time of said transfer."

Plaintiff also alleges that he offered to pay the defendant Forshay in United States currency the value of the Confederate notes at the time the notes sued on fell due. He also avers that the judgment on which the execution issued was "not rendered in accordance with the provisions of organic law in so much as the reasons for the judgment are not set forth," and he asks that said judgment be annulled.

The answer is a general denial, an allegation that the injunction was obtained wrongfully and illegally in a court without power to grant the same, and prays that the injunction be dissolved with damages.

The defendant Forshay subsequently moved to dismiss the injunction on the face of the papers; first, because plaintiff's petition shows no cause of action; second because the bond is worthless, the surety being insolvent; third, because of the insufficiency of the affidavit, and fourth, because his judgment cannot be attacked in this way by plaintiff.

There was judgment dissolving the injunction with fifty dollars damages, and plaintiff has appealed.

The motion to dissolve the injunction on the face of the papers can be made after issue joined. In trying the motion all the allegations of the petition are taken as true.

Are the allegations in the petition sufficient to warrant the injunction? We think not. The grounds for the injunction are more properly a defense which should have been pleaded at the trial of the suit in the parish of St. Tammany.

This court has often held that an execution cannot be enjoined on grounds which might have been pleaded before judgment. 8 L. 101; 6 A. 282; 8 A. 489. In the case of Monroe v. McMiken, 8 N. S. 513, this court said "causes would never terminate, if injunctions could stop execution and try matters over again which might have been offered in defense before judgment was given."

The District Court of St. Helena parish could not entertain the action to annul the judgment of defendant, Forshay, rendered in the District Court of the parish of St. Tammany. Where judgment has been pronounced by a District Court no other District Court has jurisdiction to annul it. C. P. 608; 2 A. 493.

It is therefore ordered that the judgment appealed from be affirmed with costs.