No. 47.—ALLEN GREENE v. MAYFIELD JOHNSON, Sheriff, et al.

An injunction can not issue to stay execution on grounds which might have been pleaded in defense before judgment.

Execution can not legally issue on a judgment rendered on default until after notice of judgment has been served on the defendant. C. P. 575, 624; 6 R. 20.

APPEAL from the Eleventh Judicial District Court, parish of Jackson. *Crawford*, J. *John Ray*, for plaintiff and appellee, *J. & S. D. McEnry*, for defendants and appellants.

HOWE, J. On the eighth April, 1857, John G. Randle & Co., a firm of which Allen Greene, the plaintiff, was junior partner, executed their note to C. Yale, Jr., & Co. for $2533 45 at nine months. One hundred dollars was paid on account of the note, and about the nineteenth March, 1858, certain notes and accounts were handed to the agents of C. Yale, Jr., & Co., as collaterals, amounting to $2709.

On the note first named suit was instituted by C. Yale, Jr., & Co. in September, 1858, in which judgment was rendered October 1, 1858. Execution having been issued on this judgment against property of Allen Greene, the plaintiff in the case at bar, he sued out the injunction now before us, on two grounds:

*First*—That the note had been *settled* by John G. Randle, one of the firm, who delivered to C. Yale, Jr., & Co. the collaterals above mentioned, "which collaterals," the petition continues, "are now in possession of D. R. Thompson, Esq., or at least so much of them as the balance uncollected, all of which petitioner avers ought to have been and would have been collected but for the negligence of the said C. Yale, Jr., & Co. Petitioner further avers that these collaterals were delivered to C. Yale, Jr., & Co. some time previous to the insolvency of the said John G. Randle, and but for the negligence of plaintiffs and their retention of the notes and claims placed in the hands of plaintiff's petitioner, could have had said debt paid in full."

*Second*—That no judgment notice, as required by law, had ever been served on the petitioner.

There was judgment for plaintiff in injunction, reciting that the judgment in favor of C. Yale, Jr., & Co. had been compensated and extinguished, and decreeing that the injunction be perpetuated, and the defendants have appealed.

We are unable to perceive the first ground alleged for an injunction, and the evidence adduced upon that branch of the case, furnish any basis for the judgment appealed from. If the note of April 8, 1857, was "settled" by Randle, that fact should have been pleaded and proved before the judgment complained of—a judgment rendered some months after the alleged settlement. An injunction can not issue to stay execution on grounds which might have been pleaded in defense before judgment. 6 Rob. 17. Nor do the allegations and proof show that the judgment against the petitioner has been compensated and extinguished. The claim alleged by petitioner to result in his favor from the *laches* of C. Yale, Jr., & Co. in realizing upon the collaterals, is not liquidated; and a debt not liquidated can not be offered in compensation of an execution. 9 R. 137; 10 Ann. 734; 7 L. 564; 9 La. 22; 14 A. 333. The evidence does not establish this claim of petitioner with any exactness, if indeed it establish it at all.

The second reason for the injunction has more force. The judgment was by default, and execution can not legally issue in such case until notice of the judgment has been served on the defendant. C. P. 575, 624; 3 La. 237; 6 R. 20. The clerk of the court testified that he knew of no notice of judgment ever having been issued or served in the case of Yale v. Randle, and could find no evidence among the papers of such notice ever having been issued or served. We think this a sufficient showing on the part of plaintiff in support of his negative averment to shift the *onus* upon the defendants and require them to make some proof of a service of notice.

The injunction issued in this case should have been perpetuated so as to restrain the execution of the writ of *fi. fa.*, but the court erred in declaring the judgment compensated and extinguished.

It is therefore ordered that the judgment appealed from be avoided and reversed so far as it declares the said judgment of C. Yale, Jr., & Co. v. John G. Randle & Co. to be compensated and extinguished, and that in other respects the judgment be affirmed, without prejudice to the right of the judgment creditors to issue execution after due notice given. It is further ordered that the defendant pay the costs of the District Court, and that the plaintiff and appellee pay the costs of the appeal.