## No. 4913.

### FRANCIS C. MAHAN *v.* ACCOMMODATION BANK et als.

This is an injunction suit, in which the plaintiff alleges that the judgment under which execution issued is a nullity, on the ground that there is no legal corporation plaintiff therein, or owner thereof, such as the Accommodation Bank.

There is no principle better settled than that a party is not allowed to arrest an execution on grounds that he might have set up in the original suit. Here the party taking the injunction, not only might have set up in the original suit that the Accommodation Bank was not legally incorporated, but did do it. Hence it is *res judicata.*

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *John Ray,* for plaintiff and appellee. *Hays & New,* for defendant and appellant.

TALIAFERRO, J. This is an injunction suit. Mahan, the plaintiff, was sued by the Accommodation Bank of Louisiana, the successor of the Louisiana Pledge Association, for $4933. The bank obtained judgment against him, and issued execution thereon. In this suit, Mahan injoins the execution, alleging that the judgment under which it issued is a nullity, on the ground that there is no legal corporation plaintiff therein or owner thereof. The original suit of the Accommodation Bank against Mahan is the one numbered 375, and the one in which judgment was obtained against him as above. That suit was filed twenty-third November, 1872. On the fifth of April, 1873, the Attorney General filed a suit in the name of the State to prohibit the Accommodation Bank from exercising corporate powers to which he alleged they are not entitled by law. The Accommodation Bank filed an exception on the sixteenth April, 1873, which was overruled, and judgment by default was rendered against the bank. Mahan sets forth that if upon the trial of this case of the State *v.* the Accommodation Bank, No. 2755, judgment should be rendered in favor of the State, the judgment against Mahan in case 375 would become absolutely null and void for the want of proper parties. In the suit now before this court, Mahan sets forth that execution is out against him, and unless restrained by injunction, his property under seizure by the sheriff and advertised for sale may be sold before the suit of the State *v.* the Accommodation Bank, No. 2755, can in the usual course of judicial proceedings be decided.

The defendant in injunction excepts that the petition for injunction sets forth no cause of action; that on the state of facts therein set out there is no legal right for an injunction shown. Defendant further pleads *res judicata.*

On hearing the rule filed by the defendant to dissolve the injunction with damages, it was overruled, as was also the plea of *res judicata.* The defendant appealed.

There is no principle better settled than that a party is not allowed

to arrest an execution on grounds that he might have set up in the original suit.   Here the party taking out the injunction not only might have set up in the original suit against him, No. 375, that the Accommodation Bank was not legally incorporated, but he did do it.   The judgment in that case became final.   The appeal was dismissed and execution issued.   It formed *res judicata*.

It is therefore ordered that the judgment of the lower court be annulled, avoided and reversed.   It is further ordered that the injunction be dissolved, and that the defendant recover from the plaintiff in injunction and the surety on the injunction bond, jointly and severally, ten per cent. on the amount injoined.   It is further ordered that plaintiff pay costs of these proceedings.

Rehearing refused.