## No. 6126.

JOSEPH RUDMAN ET AL. vs. BRIDGET BOCKEL AND HUSBAND.

From the allegations of the petition, it appears that plaintiffs in injunction were aware of the defense of payment in the suits which they recite in their petition as having been brought against them, and yet they neglected to plead it, when the order of seizure and sale was sued out, when a personal judgment was recovered for the balance due after exhausting the mortgage, and when defendants sued to set aside the simulated conveyance of a tract of land from Rudman to Caroline Perry, and subject it to the payment of said judgment.

Now, fourteen years after one of the alleged payments, nine years after the other, seven years after the personal judgment, and more than one year after the decree ordering the sale of the land for which the twelve-months bond was given, plaintiffs sue out an injunction, plead payment, and set up a demand for damages occasioned by the suits in which defendants recovered judgments against them.

In the suit to subject to defendants' judgment the land which was afterward sold on twelve-months credit, both of plaintiffs were parties; had they set up the defense of payment, which they were fully aware of, and established it, the court would

Rudman vs. Bridget Bockel and Husband.

not have ordered the land to be sold to satisfy defendants' judgment. They can not now plead a defense which they should have urged then.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Thomas Butler*, special judge. *E. Phillips, Yoist & Harris*, for plaintiffs and appellants. *W. W. Lake* and *Samuel J. Powell*, for defendants and appellees.

WYLY, J. The material facts alleged in the petition are: In 1859 Bridget Riley, the mother of defendant, Bridget Bockel, sold to the plaintiff, Caroline Perry, a tract of land for four thousand dollars, evidenced by four promissory notes of one thousand dollars each, maturing first January, 1860, 1861, 1862, and 1863, made by Caroline Perry and Joseph Rudman, secured by mortgage and vendor's privilege. That the first two notes were paid. That on fifteenth February, 1866, eighteen hundred dollars was paid on the last two notes; also, in May, 1860, a payment of seven hundred and fifty dollars was made on said notes. That notwithstanding said payments the said Bridget Riley did knowingly and fraudulently sue out an order of seizure and sale in November, 1866, for the full amount of the two notes, and the mortgaged property was sold for $1350. That considering said payments, there was only due on said notes in principal and interest $808 35, and there was therefore due petitioners $541 50 by Mrs. Bridget Riley, the adjudicatee. That the petitioner, Joseph Rudman, was for many months during the years 1866 and 1867, absent from the State, and he was unaware of the judicial proceedings and the sale. That on his return he found that the land had been sold and the debt overpaid by $541 50. That notwithstanding said indebtedness was overpaid, the said Mrs. Bridget Riley and the defendants refused to pay the $541 50, and to give up the notes. That the defendants, knowing said notes had been paid, instituted suit against Joseph Rudman, one of the makers of said notes, in March, 1868, and recovered judgment thereon by confirming a default during his absence. " That subsequently, to wit: on the eighteenth November, 1872, the said Bridget Bockel and husband brought suit against your petitioners to cause a certain tract of land in the parish of Pointe Coupee, belonging to your petitioner, Caroline Perry, to be decreed to be the property of Joseph Rudman, and to be seized and sold for the payment of this pretended debt, as above stated, although they well knew that their claim against said Joseph Rudman had been more than fully paid." That they succeeded in obtaining judgment decreeing the said land to be the property of the petitioner, Joseph Rudman, and execution was immediately issued, under which said land was seized and sold on twelve-months credit. That the defendants are not entitled to the twelve-months bond, and should be enjoined from transferring or disposing of the same. That by the aforesaid illegal acts of defendants, and the persistent malice

with which they have pursued petitioners for so many years, endeavoring by judicial proceedings to compel them a second time to pay a debt which they well knew had already been paid, by the wrongful seizure of petitioners' property, the destroying of their credit, and the breaking up of their business, petitioners have been damaged in the sum of eleven thousand dollars.

Plaintiffs prayed judgment against defendants for $4541 50, and they prayed for and obtained an injunction restraining the defendants and the sheriff from disposing of, parting with, or delivering the said twelve-months bond to any person till further order of court, and for general relief.

Defendants pleaded the following exceptions:

The petition discloses no cause of action; *res judicata;* and the prescription of one, two, three, five, and ten years.

At the trial of these exceptions defendants introduced in evidence the suits and judgments mentioned in plaintiff's petition, to wit: the case of Bridget Riley vs. Joseph Rudman, and the case of Bridget Bockel et al. vs. Joseph Rudman et al.

The exceptions were sustained, and the suit of plaintiff was dismissed, and they appealed.

We think the court did not err. From the allegations of the petition, it appears that plaintiffs were aware of the defense of payment, and yet they neglected to plead it, when the order of seizure and sale was sued out, when a personal judgment was recovered for the balance due after exhausting the mortgage, and when defendants sued to set aside the simulated conveyance from Rudman to Caroline Perry of a tract of land in the parish of Pointe Coupee, and subject it to the payment of said judgment. And now, fourteen years after one of the alleged payments, nine years after the other, seven years after the personal judgment, and more than one year after the decree ordering the sale of the land for which the twelve-months bond was given, plaintiffs sue out an injunction, plead payment, and set up a demand for damages occasioned by the suits in which defendants recovered judgments against them.

In Benton vs. Roberts, 3 R. 226, the court held: "As to the demands which Benton now wishes to plead in compensation, they all existed, according to his own showing, previous to the judgment against him.        *

*        *        Litigation might be greatly protracted were it permitted to a defendant to withhold his pleas of payment or compensation until after judgment, and then arrest its execution for the purpose of settling questions which, with more propriety, should have been decided when the first suit was on trial."

See, also, 2 La. 181; 14 La. 233; 13 An. 416; 12 An. 85, 88; 14 An. 13; 21 An. 165, 464; 22 An. 81; 26 An. 34; 1 N. S. 71.

In the suit to subject to defendants' judgment the land which was afterward sold on twelve-months credit, both of plaintiffs were parties; had they set up the defense of payment, which they were fully aware of, and established it, the court would not have ordered the land to be sold to satisfy defendants' judgment. They can not now plead a defense which they should have urged then.

Judgment affirmed.