## BURT v. WATSON OIL & GAS CO.
### No. 4595.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1933.

R. H. Lee, of Benton, for appellants.

James L. Dormon, of Shreveport, for appellee.

TALIAFERRO, Judge.

W. G. Burt subscribed to the capital stock of the Bossier City Packing Company, Incor-

porated, to the amount of $500, and gave his note in payment thereof. He failed to pay the note at maturity, and the company sued him thereon, in Bossier parish, and in due course judgment was rendered against him, which has become final.

The Watson Oil & Gas Company, of which it is alleged J. J. Watson is sole owner, sued the Bossier City Packing Company, Incorporated, on open account for $454.76, and secured judgment, which is now final.

The packing company only operated for a brief period. Its promoters became its chief executive officers, and, we learn from the pleadings, they closed the business down and departed for parts unknown, leaving their victims wiser, but poorer for their experience.

The Watson Oil & Gas Company caused execution to issue on its judgment against the packing company and thereunder seized the judgment the packing company held against Burt, and advertised it for sale.

The present proceeding was provoked by Burt. He attacked the validity of the judgment of Watson Oil & Gas Company against the packing company and prayed that it be decreed null and void for the following reasons, viz.:

1. That there was no legal citation of defendant in the suit.

2. That the return on the citation attempted to be served upon defendant in said suit is defective and incomplete, and therefore is insufficient as a basis on which to predicate a judgment.

3. That neither the petition, affidavit. citation and return thereon, nor the account sued on was offered in evidence, and the court was, therefore, without evidence to act on.

4. That the account sued on, to the knowledge of plaintiff, was not the account of the packing company, but was the personal and individual account of its officers.

5. That when the suit was filed against the packing company and judgment rendered therein, J. J. Watson, sole owner of Watson Oil & Gas Company, was indebted unto the packing company to the extent of $400 for stock in said company, and that if the account sued on be held to be a liability of said packing company, then there was legal set-off between said account and the amount due for the stock to the extent of $400.

6. That the said J. J. Watson received and accepted the certificate of stock as a credit against the account he had against the packing company and held same as such until the affairs of the packing company became involved to the extent that the stock was worthless, and then he attempted to enforce collection of the account in full.

A rule to show cause why a preliminary injunction should not issue was obtained and a hearing thereof set for December 31, 1931. No trial was had on this date. The matter thus remained until the latter part of the year 1932. A new fieri facias issued and new seizure of the judgment against the packing company was made. In the meantime W. G. Burt died. His widow and heirs, by supplemental and amended petition, made themselves parties to the suit, and reiterate and adopt all the allegations of the original petition. They secured issuance of a rule to show cause why a preliminary injunction should not issue to prevent sale of said judgment.

Defendant in rule, Watson Oil & Gas Company, filed several exceptions, including that of no right and no cause of action. The exceptions of no cause and no right of action were sustained by the district court and plaintiffs' suit dismissed. They have appealed.

So far as the grounds of attack, Nos. 3, 4, 5, and 6, on the judgment sought to be annulled, are concerned, these may be eliminated from consideration with the statement that they involve matters and questions of fact and law which were foreclosed by the rendition and finality of the judgment itself. The packing company alone could have urged the matters of defense embraced in these four charges. If this were not true, a situation would be presented whereby the entire case would have to be reopened on its merits and retried to determine questions of fact that have to be urged before or at trial.

Plaintiffs' right to attack said judgment for causes of nullity is no greater than that of the packing company. It has been repeatedly held that a defendant cannot, by way of injunction against the execution of a judgment against him, set up and prove defenses which should have been urged to the original suit against him. Mahan v. Accommodation Bank, 20 La. Ann. 35; Gallaher v. Michel, 26 La. Ann. 41; Robichaud, Pres. of Police Jury v. Nelson, 28 La. Ann. 578.

In Rudman et al. v. Bockel, 28 La. Ann. 278, the court, discussing questions of the character under consideration by us, said:

"In Benton v. Roberts, 3 Rob. 226, the court held: 'As to the demands which Benton now wishes to plead in compensation, they all existed according to his own showing previous to the judgment against him. * * * Litigation might be greatly protracted were it permitted to a defendant to withhold his pleas of payment or compensation until after judgment, and then arrest its execution for the purpose of settling questions which, with more propriety, should have been decided when the first suit was on trial.'

"See, also, McMicken v. Millaudon, 2 La. 181; Patterson v. Bonner, 14 La. 233; Stevens v. Stevens, 13 La. Ann. 416; McRae v. Purvis, 12 La. Ann. 85; Todd v. Paton, 12

La. Ann. 88; Todd v. Fisk, 14 La. Ann. 13; Butman v. Forshay, 21 La. Ann. 165; Greene v. Johnson, 21 La. Ann. 464; Leatt v. Williams' Heirs, 22 La. Ann. 81; Mahan v. Accommodation Bank, 26 La. Ann. 34; Lafon's Ex'rs v. Desessart, 1 Mart. (N. S.) 71."

If the judgment against the packing company is affected with radical nullities, such as no citation having issued, or, if issued, not being served, the plaintiffs in rule have the right to urge same in this proceeding. They have a real interest to subserve in knowing that the legal requirements necessary to effect a sale of a judgment they may eventually have to pay have been strictly complied with.

The original citation attacked by plaintiffs was offered in evidence and is in the record. Plaintiffs charge that there was no legal citation issued, but do not point out wherein the citation that did issue is defective or fails to meet legal requirements. We have examined it closely and dismiss the question from further consideration with the comment that it fulfills all the legal requirements for such. The same comment may be made as to the return on the citation. It clearly shows that the citation and accompanying petition were served on J. E. Walker, president of the Bossier City Packing Company. It was issued to the defendant in its corporate name.

Judgment appealed from is affirmed.

DREW, J., recused.