EASTERN DIST.
May, 1836.

PARSONS ET AL.
vs.
SUARES.

---

PARSONS ET AL. vs. SUARES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Judgment may be taken on confession of the defendant without a trial, for the sum he admits to be in his hands, and is willing to pay; and the rights of the plaintiffs will be reserved as to the remainder of their claim which is disputed.

9L 412
52 460
9L 412
106 718

Where two plaintiffs sue, and the defendant admits he has a certain sum in his hands which is due to one of them, judgment on this confession can only be taken in favor of the one to whom the demand is admitted to be due.

The plaintiffs, A. Parsons and Justine Crevillier, sue to recover from the defendant the sum of one thousand five hundred and sixty dollars, being the amount of a draft remitted to him to purchase a tract of land, and which they allege he has retained and failed to comply with their request. They pray for judgment, and require the defendant to answer interrogatories in relation to the sum of money received by him. The defendant answered, and admitted he received the money, but stated he retained a part of it to pay a note he endorsed at the instance of the plaintiff, Crevillier, and for the payment of a debt of hers, and that he had in hands a balance of one thousand one hundred and fifty dollars, for which he prayed she might have judgment without costs. The district judge rendered judgment accordingly, and the defendant appealed.

*Benjamin,* for the plaintiff.

*Roselius,* contra.

*Martin J.,* delivered the opinion of the court.

The plaintiffs allege that they sent a draft to the defendant, with directions to apply the proceeds thereof in the purchase of a tract of land. That the defendant received the money but purchased no land, and refuses to return the funds now in his hands.

The defendant admits the receipt of the draft from Crevillier, one of the plaintiffs, but avers that he was unable to purchase the land as requested ; and that he has retained a little upwards of four hundred dollars for claims he has had to pay for this plaintiff, and admits a balance of one thousand one hundred and fifty dollars yet in his hands in her favor, for which he prays judgment in her behalf, against himself, without costs, as no amicable demand was made before suit.

EASTERN DIST.
May, 1836.

PARSONS ET AL.
vs.
SUARES.

Judgment may be taken on confession of the defendant, without a trial, for the sum he admits to be in his hands, and is willing to pay, and the rights of the plaintiffs will be reserved as to the remainder of their claim, which is disputed.

Where two plaintiffs sue, and the defendant admits he has a certain sum in his hands, which is due to one of them, judgment on this confession can only be taken in favor of the one to whom the demand is admitted to be due.

Judgment was given according to the prayer of the defendant, reserving to the plaintiffs their rights to the balance of their claim, which was disputed. The defendant has appealed to this court.

The counsel for the appellant assigned as error on the face of the record:

1. That judgment was given *ex parte*, and without the cause being fixed for trial.

2. That the answer does not admit any debt or balance due to the plaintiffs, but only in favor of one of them.

3. That part of a cause cannot be tried at one time, or on one day, and the remainder at another time.

No trial was had and none required for the balance admitted by the defendant, and for which alone judgment was rendered. It would, therefore, have been useless to have set down the cause for trial.

Judgment was erroneously given in favor of both plaintiffs. There had been no trial as yet in the case, and the confession of the defendant was made in favor of but one of the plaintiffs. If any issue be tried there will be but one plaintiff to join in the trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the plaintiff, Crevillier, recover from the defendant the sum of one thousand one hundred and fifty dollars; reserving to the plaintiffs their rights as to the remainder of the claim, they paying the costs of the appeal.