H. GILLY v. F. ROUMIEU.

Where an agent, whose authority having been revoked, rendered his account, showing certain assets in his hands belonging to and a balance of money due his principal, and having offered to pay the same on being released from all his liabilities on account of his agency, which was refused—instituted suit against the principal, to compel the homologation of his account and his discharge from all his responsibilities as agent, on delivering the assets and money, due according thereto: *Held,* that the principal was entitled to a judgment on a rule taken by him, for the money admitted to be due him.

It is no objection to the judgment on the rule that a part of the case was left open for trial.

While the mandatary is compelled to render his account, he has the right to retain *only a sufficient amount* out of the property of the principal in his hands, to satisfy his *expenses* and *costs* and he may even retain, by way of set off, what the principal owes him, provided the debt be liquidated. C. C. 2973, 2992.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Filleul,* for plaintiff. *Hunt & Denegre,* for defendant and appellant.

MERRICK, C. J. The plaintiff in this action transacted the business of the defendant for some time, as his general mandatary in this city. He was in the habit of making remittances to his principal at Bordeaux, France, by the purchase of cotton. His accounts show that he usually had from three to five thousand dollars balance in his hands to the credit of his principal.

Shortly before the commencement of this suit the principal revoked his power of attorney, and appointed *Messrs. Gratiaa, Commagère & Co.,* a firm in this city, as agents.

They called upon the plaintiff for an account and for the assets in his hands, consisting of evidences of debts, bank stock and cash, &c.

The plaintiff rendered the account, tendered the balance in his hands with the notes and obligations belonging to his principal to the new agents, and demanded a receipt and discharge, and also notified them that he would cause an account to be made out according to law, and have the same homologated by the District Court.

*Gratiaa, Commagère & Co.,* obtained from the plaintiff his account and vouchers, promising to settle the account after examining the same, and grant a discharge to the plaintiff, but they returned the account to plaintiff saying that they wished the account to be homologated by the court.

The plaintiff detailed the foregoing facts in his petition, (from which, for the purpose of this trial they are taken,) and annexed an account thereto, showing the assets in his hands and a balance in money of $3737 62, after deducting his commissions and $150, the fee of his counsel for preparing the account and suing for its homologation.

Plaintiff concludes his petition by praying that his account be decreed regular, exact and correct, that it be homologated, that he be discharged from all responsibilities on his delivering up the balance, $3637 62 cash, together with the titles, notes, accounts, bank stock, &c., and that said defendant be decreed to pay petitioner $150 for his trouble and expense incurred in obtaining a judicial settlement, and to pay the costs.

The answer admits the agency, and the removal of the plaintiff therefrom; it admits the receipt of defendant's funds, but avers that plaintiff refuses to deliver the same, and unjustly withholds them from defendant. It admits that

plaintiff owes the $3637 62, together with the titles, notes, &c., and avers that he has always been anxious and ready to receive the same and give a full acquittance therefor through his said agents, but said plaintiff refuses to deliver the same, and has instituted these proceedings with a view to withhold the said property and money.still longer.   The defendant further denies that the account is a correct account of the administration of said agent, and that he is precluded by the same from a further demand against said plaintiff, and that the court has no power to homologate the account and discharge the plaintiff, as prayed for, and reserves the right of demanding any property or sum of money belonging to him which may be now or hereafter in the hands of the plaintiff. Defendant prays that the plaintiff's demand for $150 be dismissed, and that there be judgment in defendant's favor, for the sum of money, titles and notes which plaintiff admits he owes the defendant.

After filing the answer the defendant took a rule upon the plaintiff to show cause why there should not be judgment in the defendant's favor, for the $3637 62, and notes and titles, &c., admitted by the plaintiff to be due the defendant.

The plaintiff excepted to the rule, on the ground that the court could not try a part of a case, and that the trial could not take place on any other day than that fixed by the court when the case is called in its turn.

The rule was tried and made absolute, and judgment was rendered against the plaintiff for $3637 62, and the notes, titles, bills, &c., admitted by the plaintiff in his petition and acccount to belong to the defendant.

The plaintiff has appealed from this judgment.

He contends that he has a privilege for advances.and a right of detention upon the effects in his hands ; that the contract of mandate is synallagmatic, and produces mutual obligations which are to be performed at the same time or the one after the other; that the mandator is bound to warrant and indemnify the mandatary, and to give him a release and discharge when the mandatary renders the account.

That in this case the defendant was not authorized to require of plaintiff the funds and assets in his hands, until he should tender the receipt and discharge on his part.

We see no error in the judgment of the lower court.   The plaintiff, in the account which he has rendered, admits that he has in his hands $3637 62, cash, after retaining his commissions, one hundred and fifty dollars to pay his lawyer for making out the account, and one hundred dollars to pay costs.   The law does not contemplate that the mandatary or agent shall, on account of a dispute about a single item, retain in his hands the balance due his principal, however large the same may be.   Were this the case, it would be a premium offered to the agent to raise difficulties with his principal in order to retain the funds.   The code is sufficiently explicit on this subject.   While it compels the mandatary to render an account, (No. 2973,) it gives him the right to retain only a *sufficient amount* out of the property of the principal in his hands to satisfy *his expenses and costs*, and he may even retain by way of offset what the principal owes him, provided the debt be liquidated; C. C. 2992.   Here the plaintiff has in his hands his expenses, his commissions, and two hundred and fifty dollars to pay his lawyer's fees and costs of suit, and it is only for the balance after these deductions have been made for which judgment was taken against him on his judicial admissions.

It is no objection to this judgment that a part of the case was left open for trial. *Municipality No. 2 v. Corning*, 4 An. 407.

The question, whether the agent can tax his principal, with the cost of making out his account, and whether the word "costs" used in Article 2992 of the Code means costs in the rendition of account, are questions which have not been decided by the lower court, and are not before us for examination under our appellate jurisdiction. The only question we have considered is that raised as to the correctness of the judgment appealed from.

Judgment affirmed.