Nos. 18 and 37.

A. LEVY vs. W. N. COLLINS, SHERIFF, ET AL.

In Appeals taken before the present Constitution, it is still the amount claimed in good faith which determines the jurisdiction of this Court, and not the matter in dispute.

It is only over issues between appellant and appellee that the District Court is stripped of jurisdiction after granting an Appeal. It may yet grant another Appeal to one of several appellees, for the review of issues between said appellees.

APPEAL from the Eighteenth Judicial District Court, parish of Webster. *Turner*, J.

J. D. Watkins for Plaintiff and Appellee.

C. E. McDonald, J. A. Snider, Looney & Elstner and Alexander & Blanchard for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   By consent of parties, we will proceed to determine the issues involved in the two transcripts herein as though they were presented in one only.

## ON MOTION TO DISMISS.

Albert Levy, the plaintiff and appellee, moves to dismiss the appeals taken herein by Samuel Levy and the representative of the succession of W. N. Collins, two of the defendants, on the following grounds :

1.   Prior to the dates at which the petitions of appeal were filed and allowed, a co-defendant, Hernsheim Bros., had taken and perfected an appeal from the same judgment as is complained of by the appellants, and the appeals so obtained cannot be entertained, as the district court had no jurisdiction to grant any other appeal to any one else.

2.   The amount in dispute being less than one thousand dollars, this court has no revisory powers.

3.   No due service of the petitions and citations of appeal was made on plaintiff.

Their last ground having been properly abandoned, we will consider the remaining ones, dealing first with the second, which relates to our jurisdiction, for, if it be well taken, we would be without authority to consider the first objection alleged.

While we consider, as we have already intimated in two cases, that it is not by the *amount* claimed, but, in the language of the present Constitution, by " *the matter in dispute*," that our appellate jurisdiction is to be tested, we feel ourselves authorized to determine on the face of the papers in this case, whether or not our jurisdiction has attached and still continues.

The appeals were taken before the present Constitution was adopted, and the suit before us is one in which property is claimed, represented to be worth more than one thousand dollars, exclusive of damages, at the rate of one hundred dollars per day, from the 22d day of October, 1878.

It is true, as charged by the plaintiff, that the judgment of the lower court was for seven hundred and fifty dollars, but (not losing sight of the fact that property worth more than one thousand dollars is claimed,) it has been very often, indeed, decided that it is not the amount for which judgment was rendered, but the amount claimed in good faith, which determines the jurisdiction of this Court.

Next.  We cannot recognize the theory advanced by the plaintiff and appellee in the first ground urged.

It is unquestionably true that where there are several parties to a

litigation in which a judgment is rendered, and one of them appeals, the others are appellees, and that from the moment that the appeal is granted and perfected, the court which has allowed it is stripped of jurisdiction over the case, as between the appellant and appellee, but it does not at all follow from such a proposition, that the court cannot subsequently allow to an appellee a similar or different appeal for the review of issues between himself and the other appellees. The jurisdiction of which the court is divested is that over issues presented between the appellant and the appellees, and not that over issues between appellees among themselves. A statement of the proposition, with this distinction, carries its own refutation.

The motions to dismiss are overruled.

### On the Merits.

S. Hernsheim & Bros. and Samuel Levy, having instituted, in the parish of Caddo, two distinct suits against L. A. Levy for the recovery of a money claim, obtained upon fulfillment of the conditions precedent, writs of attachment against his estate, which were levied in that parish, and in that of Webster, on a stock of goods considered as belonging to him. Thereupon, Albert Levy, the next day instituted against them and the sheriff, who had executed the writs, an injunction suit asking for damages and for the delivery of the goods. The injunction asked was granted and the sale was arrested.

Relying upon those proceedings, he intervened in the original suits of the attaching creditors, and, averring title and possession of the goods seized, asked to be permitted to bond them on furnishing security. The court granted his demand.

Subsequent to the institution of the injunction suit, one Peiser, who had been incidentally mentioned in the petition in that case as a partner *in commendam*, filed a paper therein in which he " concurs in all the allegations and prayers of plaintiff's petition herein, and prays for service and citation, and for general relief."

The defendants having filed pleas setting up misjoinder and want of jurisdiction, and those pleas having been overruled, the trial of the case was proceeded with, ending with a verdict and judgment in favor of plaintiff for the property claimed, and for seven hundred and fifty dollars damages, *in solido*, against the defendants in injunction.

Hernsheim & Bros. having appealed from the judgment so rendered, obtained its reversal and a dismissal of the suit. (Not reported.)

The other defendants, who had appealed from the same judgment by the terms of the judgment rendered on appeal, were not to be affected by it, as the plaintiff had complained of a want of service of petition and citation. They were allowed time to make service, and their case

was continued to the next term, which is, by the occurrence of legal enactment, the term lately opened at this place.

They now ask the reversal of the judgment, to which they are clearly entitled.

We do not propose at all to pass upon the pleas interposed by the defendants.

Admitting, *arguendo*, that the partnership composed of Albert Levy and H. Peiser was properly represented in this suit, and that the lower court had jurisdiction over the defendants, even on the claim in damages, we consider, for the reasons elaborately given by our predecessors who have thoroughly renewed and discussed the facts proved, on the appeal of Hernsheim Bros., that the plaintiff has not made out his case.

It is, therefore, ordered that the verdict of the jury be set aside, and the judgment upon it be reversed, and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that the injunction herein sued out be dissolved, and that plaintiff's suit be dismissed with costs.