## No. 7962.

### GEORGE W. CARY vs: JNO. P. RICHARDSON.

It is only after the appeal bond is filed that the jurisdiction of the Appellate Court attaches: until then the Court *a qua* has full control of the case, and can rescind an order of appeal improvidently granted.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

E. H. Farrar and Breaux & Hall for Plaintiff and Appellee.

First—An order of appeal is an essential formality, in the absence of which an appeal must be dismissed. C. P. Art. 574; 6 N. S. 323; 2 A. 752, 902; 5 A. 666; 9 A. 158; 22 A. 373; 2 A. 628; 20 A. 193; 24 A. 276; 23 A. 543.

Second—The order rescinding the order of appeal herein granted, before the former was entered in the minutes, and before the bond was filed, left the appellant without an order of appeal.

Third—The court had power to grant such an order, because it still had jurisdiction of the case. It did not lose its jurisdiction until that of the Appellate Court attached, and this could not take place until the bond was filed.

Hennen's Digest, vol. 1, p. 73, VII (a), 3.

State ex rel. Mount vs. Judge Sixth Court, 22 A. p. 37.

Bayne & Renshaw for Defendant and Appellant.

When an appeal has been granted and the bond has been fixed by the judge of the court *a qua*, his jurisdiction ceases and the jurisdiction of the Supreme Court attaches.

A judgment which has been signed and the execution of which would cause irreparable injury is appealable.

John A. Campbell on same side.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J.    This is a motion to dismiss the appeal on grounds :

1st.    That there was no order of appeal.

2d.    That the appeal was taken from an interlocutory decree, which did not work an irreparable injury.

This is a suit to have declared an alleged partnership between plaintiff and defendant dissolved, and for a settlement of the same.

A decree was rendered by the judge *a quo*, styled by him in the decree itself an interlocutory one, in which he decreed the existence and dissolution of the partnership and appointed auditors with a view of effecting a settlement between the partners.

From this order or decree an appeal was asked for and granted and the amount of the bond therefor fixed.    This order was afterwards rescinded by the judge, and his right or authority to do so is denied by the appellant's counsel.

From the statement of facts signed by the counsel for both parties, and filed in this Court, we obtain the following facts in regard to this proceeding :

First.    That on the morning of the 3d of July, the defendant in open court presented a motion for an appeal.

Second.    That the appeal was granted.

Third.    That twenty minutes subsequently plaintiff's counsel called the attention of the court to the decree or judgment as interlocutory.

Fourth.    That thereupon the court, without notice to appellant, ordered the clerk to enter the following order :

" In this case a motion having been made this morning in the press of business, occurring at the opening of the court, for a suspensive appeal, and the same having been inadvertently and unadvisedly allowed by the court, and the attention of the court having been called to the interlocutory character of the judgment herein rendered, and to the fact that the same could not, under any circumstances, cause the defendant irreparable injury, the said judgment being a mere expression of opinion as to what basis a final moneyed judgment is hereafter to be rendered on, and being merely preparatory to the determination of that judgment, and the said order of appeal not yet entered on the minutes of the court, it is ordered that said order of appeal be rescinded and the same refused."

Fifth.    When this order of rescission had been entered, the order granting the appeal and fixing the bond had been made by the court, but had not been entered on the minutes, nor had the bond been filed by the appellant.    The bond was filed about two o'clock on the same day, the 3d of July.

Sixth—The clerk, in writing up the minutes of the court, first entered the order granting the appeal, and then immediately afterwards the order of rescission given above.

The question to be determined is whether, under this state of facts, the judge *a quo* was authorized to rescind the order of appeal? If he was, and the same was legally set aside, then there was no order to authorize the appeal and the same must be dismissed.

There is some contrariety of opinion in the decisions of this Court on this point, but the weight of authority seems to be that the jurisdiction of the lower court over the question of appeal, and the orders rendered with reference thereto, ceases only when the bond is executed and filed, and that it is only when the appeal bond is filed that the jurisdiction of this Court attaches, and that until it does so attach the order is within the control and jurisdiction of the lower court.

In the case of Bridge et al. vs. Merle et al., 7 L. 448, the Court uses this language :

" The jurisdiction of the appellate court attached as soon as the bond was filed, and the lower court of the first instance had no longer authority to take any steps in the case."

And in case of Fink vs. Martin, 10 R. 152, the same expression occurs.

The converse of the rule laid down by these decisions must be equally true, that is; that until the jurisdiction of the appellate court attached in the manner stated, the judge of the lower court had authority in regard to all orders he may have made touching the matter in question.

The very terms of the order for an appeal would seem to imply that the appeal asked for was contingent upon the giving of the bond. The usual language of such order is that found in the order in this case —the appeal is granted upon the appellant giving bond and security for an amount stipulated, etc. The appeal only takes effect under the terms of the order when the bond presented is executed and filed. See, also, Bates et al. vs. Weathersby, 2 A. 484.

State ex rel. Mount vs. Judge Sixth District Court, 22 A. 37. In this case it is to be noted, also, that the order of appeal was revoked or rescinded before it had been even entered on the minutes of the court.

The view we have taken of the question involved in the first ground of this motion, and the conclusion we have come to, renders the consideration of the second ground contained therein unnecessary. And it is equally unnecessary to cite authorities to show that without an order to authorize it no appeal can be taken.

It is, therefore, ordered that the appeal be dismissed at the cost of the appellant.

Mr. Justice FENNER recuses himself, having been of counsel.