No. 8105.

THE STATE OF LOUISIANA EX REL. BUTCHERS' UNION SLAUGHTER HOUSE AND LIVE STOCK LANDING CO. VS. THE JUDGE OF THE CIVIL DISTRICT COURT OF NEW ORLEANS, DIVISION E.

A suspensive appeal from a judgment dissolving a preliminary injunction and rendered on a Rule *nisi*, does not deprive the defendant of the right of having the case tried on the merits in the lower Court, even where the injunction is the sole relief sought by the plaintiff.

APPLICATION for Writ of Prohibition.

*S. Belden, F. C. Zacharie* and *A. A. Grandpré* for the Relator.

*Henry L. Lazarus,* Judge, Respondent.

The opinion of the Court was delivered by

FENNER, J.   The relator brought suit against three defendants, viz: (1) the Crescent City Live Stock Landing and Slaughter-House Co., (2) the City of New Orleans, (3) the State of Louisiana. It applied for and obtained writs of injunction against each of said defendants. In the same suit, relator filed a supplemental petition wherein it applied for and obtained a similar writ of injunction against the Board of Health. The Board of Health appeared and moved to dissolve the injunction issued against it.   Contemporaneously, the Board of Health brought suit against the relator, praying for injunction against the latter.

The two causes pending before the same division of the Court, the Judge thereof issued a rule *nisi* in the last-mentioned case, made said rule and the rule to dissolve the injunction in the first-mentioned case, returnable on the same day, and ordered them cumulated for the purposes of trial.

The issues involved in those rules were exclusively between the relator and the Board of Health.

On the trial of said rules, the Judge, in separate judgments, dissolved the injunction which had been granted in favor of relator against the Board of Health, and refused the injunction prayed for by the Board of Health against relator.

From the first judgment relator appealed suspensively; from the second judgment the Board of Health appealed, also suspensively; and both appeals are pending, undetermined, in this Court.

All four of the defendants in the suit brought by relator, viz: the Crescent City Slaughter-House Co., the City of New Orleans, the State of Louisiana and the Board of Health, having filed answers and placed the case at issue on the merits, it was regularly assigned for trial, and the Court was proceeding to try the same, when relator filed this application for a writ of prohibition.

He avers substantially that there is no question involved in the trial of said cause on its merits other than those involved in the aforesaid appeals; that the effect of said appeals was to transfer said cause to this Court, and to deprive the Civil District Court of further jurisdiction thereof during the pendency of said appeals; and he prays for the writ prohibiting the Judge and also the parties, " from further proceeding in said cause and from entertaining any jurisdiction in said cause, until the further order of this Court."

A judgment dissolving a preliminary injunction, on rule and on the face of the papers, is ordinarily a mere interlocutory judgment which does not prevent the cause from proceeding to determination on the merits.   The case is not different even where the injunction is the sole relief sought.

The effect of such a judgment is simply to declare that, on the face of the papers, the plaintiff is not entitled to the injunction.

Had the judgment been one refusing to dissolve, manifestly the defendant would have had the right to put in his defenses and proceed to trial on the merits, and to show, that notwithstanding the *prima facie* sufficiency of plaintiff's title to the relief asked, he is yet not entitled to it on the defenses of law and fact set up in the defendant's answer.

The effect of the suspensive appeal from the judgment dissolving the injunction, is, during its pendency, to maintain the preliminary injunction and to leave the cause in precisely the position it would have occupied had the dissolving judgment not been rendered.

We can perceive no principle preventing the defendant, thus continued subject to the injunction, from defending and trying his case on the merits, where he may show that, whether the dissolving order on the face of the papers be maintained or not, he is entitled to relief on his own defenses of law and fact.

If it were otherwise, the judgment in favor of defendant on his motion to dissolve might operate an absolute injury to him, when suspensively appealed from, by suspending his clear defenses on the merits.

, In the case at bar, however, it is plain that the judgment dissolving an injunction against one only of four defendants, and the appeal therefrom, can have no effect whatever on the rights of the other three defendants to proceed with the trial of the cause.

The defendant did not exceed his jurisdiction in fixing and proceeding with the trial of the cause on its merits.

The application is refused.

Rehearing refused.