## No. 14,136.

STATE EX REL. FITZPATRICK-CROMWELL CO., LIMITED vs. THOMAS C. W. ELLIS, JUDGE.

### SYLLABUS.

Where a defendant, having admitted part of the claim set up against him and judgment having been taken for the amount so admitted with reservation of plaintiff's right to continue the action for the disputed balance, appeals suspensively from such judgment, this appeal bears only on that part of the cause merged in the judgment, and does not affect the case as to the balance of the claim left in dispute, and the plaintiff may demand trial of the issue thus left open, notwithstanding the appeal.

The writ of prohibition applied for is denied.

A PPLICATION for writs of *Certiorari* and Prohibition.

*McCloskey & Benedict,* for Relator.

Respondent Judge pro se.

*Charles F. Claiborne,* for Anton Frey, Respondent.

The opinion of the court was delivered by

BLANCHARD, J. Anton Frey brought suit against the Fitzpatrick-Cromwell Co. alleging that in October 1900 he had sold and delivered to that corporation a lot of hides at eight cents per pound, but that the company, claiming some of the hides were damaged and not worth the price, caused those asserted to be damaged to be weighed separately.

The company, it seems, also claimed that some of the hides were calf skins and not worth the price offered for the other hides.

The seller, it is averred, did not at the time concede either of those claims of the purchaser.

The purchaser, however, took away all the hides of the lot, no price being agreed upon for the damaged hides, nor the calf skins.

It was alleged by Frey that damaged hides at that date were worth seven cents a pound and calf skins fifty cents apiece, and upon the basis that of the lot of hides sold so many (in pounds) were sound, so many damaged, and so many were calf skins, he made out a bill showing $2539.30 due him, for which he asked judgment.

The defendant company answered this demand averring that it bought a certain lot of hides at the price of eight cents per pound, but that the hides contemplated in the purchase were sound hides; that upon inspection of the hides delivered a number were found to be damaged and not worth the price agreed upon, and a certain number were found to be calf skins.

The answer further averred that it was agreed between seller and buyer the latter was to pay for the damaged hides one-third of the price of sound hides, and for the calf skins sixty-five cents apiece, but upon controversy arising, to avoid litigation, the company offered plaintiff $2138.38 and made legal tender of same.

The plaintiff declined the tender and brought suit. The prayer of the answer was that plaintiff be condemned to accept the $2138.38 in full settlement of his demand, the tender of the same prior to suit be recognized to have been legal and binding, and that plaintiff be condemned for costs from the date of the tender.

As to the further proceedings in that case, so far as the instant cause is concerned, it is only necessary to add the following:—

That plaintiff, Frey, took judgment for the amount admitted to be due him, on account of the sale and purchase of the hides, by the company's answer, reserving the right to proceed with his suit on that part of his claim contested; that from this judgment the company asked and obtained a suspensive appeal and the transcript of appeal was filed in this court; that, later, the case of Frey vs. The Fitzpatrick-Cromwell Co. for the balance claimed was called up in the District Court for assignment for trial, and was set down for trial on the 3rd of June 1901; and that on said 3rd of June it was called for trial, whereupon the defendant objected to the trial because, as alleging, the jurisdiction of the District Court had been divested by the appeal taken from the judgment for that part of the demand admitted in its answer, which objection was overruled and the case reassigned for trial on October 24, 1901.

Thereupon, alleging that the district judge will proceed to the trial and determination of the cause as pending, notwithstanding the appeal, the Fitzpatrick-Cromwell Co. applied to this court for writs of *certiorari* and prohibition, and its right to these writs is the question now presented.

The prayer of the application is for a decree holding that the appeal taken in Frey vs. Fitzpatrick-Cromwell Co. has divested the court of the first instance of all jurisdiction over the case, pending the appeal, and that the respondent judge be restrained from further proceeding in the cause.

To the preliminary order to show cause why this prayer should not be granted, the judge returns, in substance, after stating the facts, that he awarded Frey a judgment for $2138.38 on the admission of the Fitzpatrick-Cromwell Co.'s answer; that this left in dispute $400.92, as to which Frey's right to prosecute was reserved; and that this practice, as to taking judgment in advance of trial for the amount admitted, and then proceeding to trial for the disputed balance of his demand, is sanctioned in the jurisprudence of the State.

He, further, submits that the appeal from the judgment for the amount admitted, while suspensive, cannot have the effect of staying trial as to the amount (the balance left) upon which his court has not yet acted, since the same is not the subject matter of any appeal taken and not covered by any appeal bond given.

*Ruling*—Much of the matter set up in briefs of counsel filed herein, and in the application for the writs and in the judge's return, is properly referable to the case pending on appeal—Frey vs. Fitzpatrick-Cromwell Co., Limited, No. 13,983 on the docket of this court. We decline to anticipate any more than possible the decision of that cause.

In our view, the sole question properly presented here is whether Frey, having taken judgment for that part of his demand admitted in the answer of the Cromwell Co. to be due him, is entitled to proceed to trial for the balance of his demand pending the appeal taken by the company from the judgment for that part of the claim admitted.

It has long been the practice, sustained by many decisions of this court, that when a defendant admits part of the claim judicially asserted against him, judgment may, on the strength of that admission, be taken against him, leaving the balance claimed by the plaintiff, and which is contested by the defendant, to be litigated between them in the pending cause.

Parsons, *et al.* vs. Suares, 9 La. 411, decided in 1836, was a case where plaintiffs sued to recover a certain sum of defendant. The latter admitted he owed part of the amount, mentioning the sum he contended he owed, which was $410.00 less than plaintiffs demanded. The latter took judgment for the amount admitted, *reserving their rights to the balance of the claim which was disputed.*

From this judgment the defendant appealed and his counsel assigned as error on the face of the record, among other things:—

"That judgment was given *ex parte,* and without the cause being fixed for trial.

"That part of the cause cannot be tried at one time, or on one day, and the remainder at another time."

Judge Martin, as the organ of the court, said:—

"No trial was had and none required for the balance admitted by the defendant, and for which alone judgment was rendered."

In Small vs. Zacharie *et als.,* 4 R. 144, it was held that where the answer admits a portion of the amount claimed to be due, judgment may be obtained therefor, on motion without trial, and the case be left open as to the part in dispute.

In that case, as in the instant one, defendant, admitting a part of the debt, pleaded tender. Still it was held plaintiff could take judgment for the part admitted, leaving the tender and the defense set up as against the balance claimed, to be established on the trial to be had relative to that balance.

In Skinner vs. Dameron, 5 R. 447, defendant admitted he owed sixty per cent. of the amount plaintiffs claimed and alleged tender of the same prior to suit. Whereupon plaintiffs moved for judgment and it was awarded for this sixty per cent., reserving to them the right of prosecuting their demand for the balance claimed. Their right to do this was not only affirmed, but defendant was even refused an appeal from the judgment awarded for that part of the claim he admitted.

In Municipality vs. Corning, 4 La. Ann. 407, Eustis, C. J., as the organ of the court, said:—

"The mode of proceeding by which judgment for the part of a debt acknowledged to be due may be taken, with reservation of the rights of the plaintiff for the balance claimed, has been sanctioned in several cases." He then cites the authorities *supra.*

In Gilly vs. Roumieu, 11 La. Ann. 747, the party owing the debt

admitted in his pleadings part of it to be due. The other party took a rule upon him to show cause why there should not be judgment for the amount admitted. He excepted to the rule on the ground that the court could not try a part of the case, and that the trial could not take place on any other day than that fixed by the court when the case is called in its turn. The rule was tried and made absolute, and from the judgment thus rendered an appeal was taken. This court sustained the ruling of the trial court, saying:—" It is no objection to this judgment that a part of the case was left open for trial."

In Conrad vs. Burbank, 24 La. Ann. 17, the question which the organ of the court stated the case presented was:—

"Can a judgment be rendered, on motion, for the amount of the original demand admitted to be due, reserving to plaintiffs the right to prosecute their demand for the balance?"

Answering this the court said:—

"This is no longer an open question. The amount admitted is not a matter of dispute, and the only issue to be tried is the sum not admitted. The plaintiff is, at any time after the admission is made, entitled to a decree for such amount confessed. The fact that the admission is made upon an account consisting of various items, no one or more of which are specially admitted to be due or correct, does not affect the question. The defendant is supposed to have presented his claim and right in the most favorable light to himself."

From these authorities is easily deduced the conclusion that when a defendant, having admitted part of the claim set up against him and judgment having been taken for the amount so admitted, reserving plaintiff's right to continue the action for the disputed balance, appeals suspensively from such judgment, this appeal bears only on that part of the case merged in the judgment, and does not affect the case as to the balance of the claim left in dispute, and the plaintiff may demand trial of the issue thus left open notwithstanding the appeal so taken as above.

In other words, the jurisdiction of which the trial court is divested by the appeal is that over issues presented between the appellant and appellee *in their appeal,* and this divesture does not extend to matters in the case still pending and undisposed of by the court below.

Levy vs. Collins, Sheriff, 32 La. Ann. 1003; State *ex rel.* Butchers Union, etc., vs. Judge, 33 La. Ann. 436.

It is entirely true that after a suspensive appeal has been taken

from a judgment, the trial judge has no power to grant any additional order in the case. But this means he has no power to grant any additional order *involving the subject matter of the appeal.* State *ex rel.* Avery vs. Judge, 41 La. Ann. 958.

As to matters still pending in the case, not tried, not determined, and, of course, not included in the appeal, his jurisdiction still attaches and as to them he may proceed in his court to take such action as the law and practice warrant.

We hold that the subject matter of the appeal taken in Frey vs. Fitzpatrick-Cromwell Co. is the amount for which the plaintiff took judgment on the admission of defendant company.

The balance of the account between the litigants left in dispute forms no part of the subject matter of the appeal, and trial of the issues raised in respect of such balance may be proceeded with.

It is ordered that the rule *nisi* issued herein be set aside, and that the writs applied for be denied at the cost of relators.

Rehearing refused.