PROVOSTT, J.
This is an appeal taken by the defendant in the case of same title this day decided. The object of taking it was to supply the place of the answer filed to the other appeal in case the motion to strike out that answer should be sustained. But the motion was overruled, and as a result this appeal became functus officio; all the issues involved in it having been passed on.
*615 For determining, however, the liability for the costs of the appeal, it becomes necessary to pass on the motion to dismiss.
The motion is based on the following article (889) of the Code of Practice, to wit:
“But if the appellee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not afterwards be allowed to appeal, but the judgment shall remain irrevocable for or against him.”
Clearly, under this article, after a case has passed out of the trial court and gone to the appellate court, the remedy of the appellee is hy answer to the appeal, and not hy a second appeal.
It is well settled that, as a general rule, after a case has passed to the appellate court, the trial court cannot make any order in it as between appellant and appellee. State ex rel. Gill v. Tissot, 34 La. Ann. 91; Carey v. Richardson, 32 La. Ann. 1170; State ex rel. Irwin v. Judge, 36 La. Ann. 192; State ex rel. Cientat v. Judge, 32 La. Ann. 815; Succession of Pomeroy, 22 La. Ann. 518. Aliter, as between appellees. Levy v. Collins, 32 La. Ann. 1004.
Appeal dismissed, at cost of appellant.