SOMMERVILLE, J.
Euzebe Robichaux, relator herein, asks that a writ of mandamus issue to the trial judge commanding him to order the discontinuance of the suit entitled J. Sully Martel v. W. T. Peterman, Sheriff, et al., wherein Robichaux, one of the defendants, and the real defendant, in said suit, has acquired all the right, title, and interest of the plaintiff, Martel, in and to said suit.
The judge makes reply that he refused to permit Robichaux to discontinue the suit, for the reason that Robichaux had already been permitted to discontinue the suit, and *15 that he could not therefore enter a second discontinuance; and, further, Martel had taken an appeal to the Supreme Court from the first order of dismissal, and. that the trial court was therefore without jurisdic-i tion in the matter. The appeal referred to by the judge was filed in this court October 17, 1914, under No. 20916.
Euzebe Robichaux, the relator, was the original plaintiff in an executory proceeding wherein J. L. Block was the defendant. J. Sully Martel intervened in that executory proceeding, filed a third opposition, in which he claimed the ownership of the note sought to be foreclosed upon by Robichaux; and he sought and obtained an injunction to prevent the sale of the property seized under said process.
Thereafter a judgment creditor of Martel seized and caused to be sold all the right, title, and interest of Martel in and to the said third opposition and injunction suit; and Martel’s interest in the suit was adjudicated to Euzebe Robichaux, who was co-defendant with the sheriff in said third opposition and injunction suit. Confusion thus took place as to one of the defendants, Robichaux, and the plaintiff, whose rights in the suit had been bought by Robichaux.
Thereupon Robichaux, the substituted plaintiff, in place of Martel, upon proper showing, moved the court that he and the sheriff “be relieved of the restraining effect of said writ of injunction,” and that he be declared to be “entitled to be permitted to proceed with the seizure and sale of said property as though no injunction had ever issued”; and the following order was entered on the motion:
“ * * * The injunction feature of the suit entitled J. Sully Martel v. Wilson T. Peterman, Sheriff, et al., No. 13768 of the docket of this court, be, and the same is, hereby dismissed; and let Euzebe Robichaux, plaintiff in said executory proceeding entitled Euzebe Robichaux v. J. E. Block, No. 13713, and' the sheriff of this parish be, and they are, hereby released from the effect thereof, and are hereby authorized to proceed with the writ of seizure and sale as though no injunction had issued.”
Thereupon or thereafter Martel petitioned the court for an appeal, alleging, among other things, the following:
“That a pretended judgment in favor of Euzebe Robichaux was rendered herein on the 20th day of August, 1914, said judgment being in the shape of an order decreeing and ordering that the injunction feature of the suit entitled J. Sully Martel v. Wilson T. Peterman, Sheriff, et al., No. 13768 of the docket of this court, be, and is, hereby dismissed,” etc.
And he sought and obtained an order of appeal “as prayed for in the foregoing petition,” which appeal, as before stated, is on file in this court, under No. 20916.
■ Thereafter Robichaux, as the purchaser of all the right, title, and interest of Martel in and to the suit of Martel v. Peterman et al., moved to discontinue said suit of Martel v. Peterman et al., and the court refused the discontinuance on the grounds before stated: That he, the judge, considered that the suit had already been dismissed on motion of Robichaux; and that his court was without jurisdiction, because of the appeal from the order of dismissal, taken by Martel to the Supreme Court.
The court was in error “in considering” that the whole suit had been dismissed on motion of Robichaux, the substituted plaintiff in the cause. The recital of the proceedings already given shows that Robichaux had only moved the court “to be relieved of the restraining effect of the said writ of injunction” in the suit, reserving to himself the right to proceed with the seizure and sale of the property under seizure; and the order of the judge was to “let the injunction feature of the suit” be dismissed; and that was all that was done. The intervention and third opposition of Martel still, remained. And Martel, in petitioning for his appeal, asked that he be relieved from “the order decreeing and ordering that the injunction feature of the suit” be dismissed. *17 The court was clearly called upon to act on the motion of Robichaux, the substituted plaintiff, to discontinue the balance of the suit.
The circumstance that Martel had appealed from the order which dismissed the suit in part did not have the effect of depriving the court of jurisdiction over the balance of the suit.
We perceive no principle which would prevent a party to a suit from taking action in his own behalf as to those matters which have not been disposed of in a judgment previously rendered, from which judgment a suspensive appeal has been taken. He may demand a trial of and relief from the issue left open by such judgment. State ex rel. Union Slaughterhouse v. Judge, 33 La. Ann. 436; State ex rel. Fitzpatrick-Cromwell Co. v. Judge, 106 La. 715, 31 South. 313.
Let a mandamus issue herein, directed to Hon. Thomas M. Milling, judge of the Twenty-third judicial district court of Louisiana, commanding him to grant the motion of Euzebe Robichaux, filed September 29, 1934, in so far as it asks to discontinue the intervention and third opposition of J. Sully Martel in the suit of J. Sully Martel v. W. T. Peter-man, Sheriff, et al., No. 1376S on the docket of said court, at the cost of respondent.
O’NIELL, J., takes no part.