PER CURIAM.
The plaintiff appeals from the dismissal of his mandamus suit.
By this action, the plaintiff, a recall petition chairman, seeks to compel the defendant registrar to transmit a recall petition to the secretary of state, in accordance with the recall election procedure provided *277 by LSA-R.S. 42:341 et seq. The registrar has failed to do so because he was enjoined by a restraining order and now a preliminary injunction obtained in another suit by the incumbent police juror who is sought to be recalled.
 As we stated in State ex rel. Summit Fidelity and Surety Co. v. Police Jury, La.App., 131 So.2d 623, 625: “ * * a writ of mandamus lies only to compel the performance of duties that are purely ministerial in nature, or to correct an arbitrary or capricious abuse of discretion by public boards or officials. Such a writ will issue only when there is a clear and specific legal right to be enforced or a duty which ought to be and can be performed. It is never granted in doubtful cases. [Citations omitted.]”
The general rule is that mandamus •does not lie to compel an act which has been •expressly forbidden by injunction, since of ■course then the duty sought to be enforced is no longer required by law but instead is prohibited. 55 C.J.S. “Mandamus” § 36, p. ■69; 34 Am.Jur. “Mandamus”, Section 77, p. -866. As the cited sources note, this rule is also generally applicable even though the ■mandamus plaintiff was not a party to the injunction suit; however, there is contrary authority from some jurisdictions, based •upon the premise that the official obeying ■the court’s mandamus will therefore not be in willful contempt of the injunction and that the mandamus plaintiff is not concluded by a suit to which he was not a party. Annotation, Right to writ of mandamus as affected by * * * existence of injunction, to which relator is not a party, 148 A.L.R. 210.
The plaintiff-appellant chiefly urges that the trial court erred in refusing to issue this mandamus, because the injunction issued by the court in a companion suit was erroneous .as a matter of law under the evidence.
Briefly, the facts show: The present plaintiff (Henry Cloud) is the chairman •representing the signers of a recall petition seeking to recall Robert Cloud, an incumbent police juror. This mandamus suit to compel the transmission of the recall petition to the appropriate authorities was filed by the plaintiff very shortly after the incumbent police juror had filed another suit to enjoin such transmission for various reasons. The trial of both suits was consolidated. The trial court held that certain coercion had invalidated the recall procedure. Accordingly, the court dismissed the present mandamus suit, while at the same time, in the other suit, it issued a preliminary injunction enjoining the registrar from further action on the recall petition, pending a hearing on the permanent injunction.
The present appeal is by the plaintiff from the dismissal of the mandamus suit. However, the plaintiff or no other party has appealed the injunction judgment, which has not been superseded or dissolved. (See also our denial this date of the present plaintiff-appellant’s application for supervisory relief to rescind the preliminary injunction in Cloud v. Bushnell, La.App., 168 So. 2d 274.)
A threshold question is raised by the plaintiff’s contention that the trial court was in error in issuing the injunction: Does the plaintiff have the right, in this mandamus proceeding, to make a collateral attack upon the validity of the preliminary injunction judgment issued in other and separate proceedings ?
Generally, a judgment which is not a nullity is not subject to collateral attack in other proceedings. 49 C.J.S. “Judgments” § 401, p. 792 ; 30A Am.Jur. “Judgments”, Sections 844, 845. The rule against collateral attack is applicable to interlocutory orders such as preliminary injunctions. Annotation, 12 A.L.R. 1165.
Of course, parties and privies to the proceeding in which the judgment was rendered cannot attack it. 49 C.J.S. “Judgments” § 413, p. 817; 30A Am.Jur. “Judgments”, Section 849. However, strangers *278 to the record are sometimes permitted to impeach a judgment by collateral attack when prejudiced, since they may have no remedy in the case itself against the judgment. 49 C.J.S. “Judgments” § 414, p. 818; 30A Am.Jur. “Judgments”, Section 849. Nevertheless, as a.general rule, such third persons cannot object to the judgment merely because of error or irregularity in the proceedings or for any matters which might have been set up in defense to the original action. 49 C.J.S. “Judgments” § 414, p. 819; 30A Am.Jur. “Judgments”, Section 863. See Burt v. Watson Oil & Gas Co., La.App. 2 Cir., 150 So. 425.
With regard to the facts, the injunction suit was introduced in evidence in the present mandamus proceedings. The present plaintiff (Henry Cloud) attempted to intervene in the injunction suit by filing certain proceedings, including an exception of no cause of action to it (although the minutes do not so reflect, we are informed by counsel that the intervention was not allowed). The plaintiff through his counsel participated in the consolidated trial, which basically concerned whether the recall proceedings were invalid for the reasons alleged in the injunction suit. Following the grant of the injunction, the present plaintiff intervened as an interested person in order to move to dissolve the injunction, LSA-C. C.P. Art. 3607, which motion was denied.
Although as an interested person the plaintiff had a right to appeal from the injunction judgment, whether or not a party to the suit, LSA-C.C.P. Art. 2086, Tie did not do so; nor did he appeal from the denial of his motion to dissolve such injunction.
Under all of these circumstances, in our opinion the general rule applies that the plaintiff may not, in these mandamus proceedings, attack collaterally the preliminary injunction judgment in the other suit which he did not appeal. The plaintiff defended and participated in the defense of such suit (cf.: Annotation, 139 A.L.R. 9; 43 C.J.S. “Injunctions” § 220, p. 959), and he had' full procedural rights to protect himself by appealing from adverse judgment in the injunction suit itself. The present is not the-sort of situation where a prejudicial judgment was secured by collusion or without, the knowledge of the prejudiced party.
In conclusion, therefore, we hold' that the trial court properly refused to issue a mandamus in the present case, where the act which relator sought to compel was enjoined by a valid judgment in another-suit, which the mandamus plaintiff cannot collaterally attack in these mandamus proceedings.
For the reasons assigned, we affirm the judgment of the trial court dismissing the-plaintiff’s suit. The costs of this appeal are: to be paid by the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.