172 So.2d 528 (1965)
Robert CLOUD, Plaintiff-Appellee,
v.
B. G. DYESS, Registrar of Voters (substituted for C. L. Bushnell, predecessor Registrar), Defendant-Appellee, (Kenry Farley Cloud, Intervenor-Appellant).
No. 1402.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1965.
Rehearing Denied March 18, 1965.
*529 Wm. Ray Bradford, Jr., Alexandria, for intervenor-appellant.
Gravel, Sheffield & D'Angelo, by A. M. D'Angelo, Alexandria, for plaintiff-appellee.
John R. Hunter, Jr., Alexandria, for defendant-appellee.
En Banc.
PER CURIAM.
For oral reasons, the trial court entered a judgment permanently enjoining the Registrar of Voters from transmitting to appropriate state authorities a petition for an election to recall an incumbent police juror (the plaintiff-appellee, Robert Cloud). The intervenor, Henry Farley Cloud, chairman of a recall petition, appeals from this judgment of permanent injunction.
The procedural context of this appeal is as follows: Alleging, inter alia, that the recall proceedings were invalidated by certain irregularities, the incumbent police juror, the recallee, filed this suit against the Registrar to prevent certification and transmission for further processing of the recall petition. To achieve this end, the suit sought an initial restraining order, an interlocutory preliminary injunction, and in due course a permanent injunction affording the desired relief. After an Interlocutory preliminary injunction was issued on July 22nd holding the recall proceedings invalid for certain irregularities, this matter was finally heard on the merits on December 7, 1964 on the question of whether a Permanent injunction should issue. The intervenor appeals from judgment of permanent injunction rendered as a result of this trial on the merits.
On two previous occasions this court has rendered formal opinions in connection with these proceedings.
In Cloud v. Bushnell, La.App., 168 So.2d 274, we denied the present intervener's application to our supervisory jurisdiction seeking to dissolve a preliminary injunction of July 22, 1964, and seeking to review the trial court's refusal on August 17th of the intervener's motion to dissolve this preliminary injunction; our denial of supervisory writs was based upon the failure of the intervenor to apply for them until *530 after expiration of the appellate delays allowed for review of such matters. Likewise, in Cloud v. Bushnell, La.App., 168 So.2d 275, a mandamus suit against the Registrar by the present intervenor as plaintiff, we held that the trial court properly denied mandamus because a final unappealed judgment of preliminary injunction prohibited the Registrar from performing the act which the mandamus suit sought to compel him to perform; the reason being that the plaintiff therein (intervenor in the present suit) could not collaterally attack in another proceeding the preliminary injunction which prevented the Registrar from complying with his otherwise-mandatory duty of completing, for transmission, the processing within ten days of the recall petition.
The facts show that the recall petition was filed with the Registrar on June 26, 1964. The question before the trial court on December 7, 1964 (when trial of the plaintiff's demand for a permanent injunction was finally held), was whether the plaintiff was entitled to enjoin the transmission to state authorities for further processing of the recall petition filed with the Registrar some five and one-half months earlier. We are required by this appeal to review whether the trial court erred in entering a permanent injunction, holding in favor of the plaintiff on this question.
We think that the trial court correctly held that the incumbent police juror, the recallee, was entitled to the injunction, because the intervenor and those he represented, the signers of the recall petition, had permitted so long a period to elapse without pursuing the correct procedural remedies to assure that the recall petition was forwarded for further processing as soon as possible after the ten-day period statutorily allowed for certification following presentation of the recall petition to the Registrar. See LSA-R.S. 42:343.
We must remember that the recall remedy is statutorily designed for prompt action following the circulation of a recall petition. The recall statute, LSA-R.S. 42:341-357, provides that a petition for the recall of a public official must be signed by not less than twenty-five per cent of the electors of the voting area, that the Registrar of Voters of the parish must, within ten days after the recall petition is presented to him, certify certain information in the petition, and that the Governor must order a recall election within five days after the date the petition is presented to him (after the Secretary of State certifies that the requisite number of signatures have been signed to the petition), which election must be held on the first Tuesday of the sixtieth day from the date of proclamation.
Because the recall election is a harsh remedy and therefore strictly construed, and because it would be disruptive of orderly processes of government and mischievous and unreasonable to permit those pursuing a recall remedy to permit a petition to lay over unacted upon for future use if and when the recallers so desire, the jurisprudence by which this court is bound holds that a recall petition is deemed abandoned by laches when the recall petitioners do not actively pursue their remedy so as to require substantial compliance with the mandatory statutory requirements that recall elections be held expeditiously within a limited period after the recall petition is first presented for processing to government authorities. Bradford v. Board of Supervisors, La.App., 3 Cir., 128 So.2d 468.
In the present instance, the preliminary injunction enjoining the Registrar from transmitting the recall petition was entered on July 22, 1964. Although the intervenor had the right to appeal both from this preliminary injunction and also from the denial on August 17th of his motion to dissolve same, he did not do so. Nor, so far as the record shows, did the intervenor seek unsuccessfully to obtain an early trial of the suit for the permanent injunction, nor did he object when the fixings of the permanent injunction for trial of September 11th and possibly October 9th (the minute *531 entry is unclear) were set aside or continued, with the case finally being heard on the merits on December 7, 1964, some five months after expiration of the date within the maximum ten days statutorily allowed for the Registrar's processing of the recall petition.
Resulting at least in part from these laches, the demand for the permanent injunction was not heard until December 7th. The question then before the trial court thus involved not only whether the recall proceedings were invalidated for the reasons upon which the preliminary injunction issued on July 22, 1964 was based. Additionally, the proceedings posed the plaintiff-recallee's right to enjoin the Registrar from transmitting a recall petition some five months later than the date he was required by statute to have completed his processing of it.
We should probably at this point note the effect of an Interlocutory preliminary injunction validly issued, upon the right of the parties to secure a trial on the main demand for a Permanent injunction.
A preliminary injunction is ordinarily a procedural device by which the status quo may be preserved pending trial on the merits of the permanent injunction. Harris v. Pierce, La.App.Orl., 73 So.2d 330, appeal transferred, 224 La. 585, 70 So.2d 134. The main difference between the preliminary injunction and the permanent injunction is that the former may be issued upon verified pleadings, affidavits, or ordinary proof presenting a prima facie case, whereas the latter requires a preponderance of the evidence to support its issuance. LSA-C.C.P. Art. 3609; Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La. App., 1 Cir., 88 So.2d 742. See also Pizzitola v. Pace, La.App., 4 Cir., 161 So.2d 441 and the authorities cited therein.
When an appeal from the granting or denial of a preliminary injunction is taken, in other respects the proceedings in the court below are not stayed during the pendency of the appeal, unless otherwise ordered by the court granting the injunction. (No such order or stay was entered herein.) This was expressly provided when the present preliminary injunction procedure was first adopted in Louisiana by Act No. 29 of 1924 (see Section 5), which in 1950 was incorporated in the Revised Statutes as LSA-R.S. 13:4070. When the Code of Civil Procedure was enacted in 1960, this provision was replaced by LSA-C.C.P. Art. 3612; the new code article states succinctly that, following an appeal from a judgment relating to a preliminary injunction, "the court in its discretion may stay the further proceedings until the appeal has been decided." This is intended to have the same meaning as the earlier statutory enactment replaced by itthat is, that the appeal from an interlocutory injunction matter does not stay further proceedings in the suit, unless the court expressly so provides. See Official Revision Comment B. Thus, an appeal on an interlocutory preliminary judgment matter does not prevent a trial on the merits of the principal demand. Murphy v. Police Jury of St. Mary Parish, 117 La. 355, 41 So. 647; State ex rel. Butcher's Union Slaughter House & Live Stock Landing Co. v. Judge, 33 La.Ann. 436.
The general rule is that a previously granted preliminary injunction is dissolved as a matter of course when the suit is disposed of on the merits. 43 C.J.S. Injunctions § 244, p. 984. For instance, since an interlocutory injunction is merely ancillary to the main demand of the suit, when an interlocutory injunction judgment is appealed, it necessarily falls if, while the interlocutory judgment is on appeal, the suit is dismissed after a hearing on the merits of the principal demand. See Day v. Bailey, 117 La. 154, 41 So. 448.
In the present instance, thus, the intervenor-appellant not only did not appeal from the preliminary injunction entered on July 22nd, nor from the denial on August 17th of his motion to dissolve the preliminary *532 injunction, but also, so far as the record shows, he did not actively pursue his remedy to have the preliminary injunction dissolved, if erroneous, by seeking an early trial on the merits of the demand for a permanent injunction. Although the present intervenor did by his mandamus suit seek collaterally to attack as incorrect the issuance of the preliminary injunction, this procedure was improper, Cloud v. Bushnell, La.App., 168 So.2d 275, and we do not think it can be used to excuse the intervener's failure to secure dissolution, if justified, of the interlocutory preliminary injunction by the correct remedies properly available to him under our procedure.
We therefore find no error in the trial court's judgment permanently enjoining the Registrar from transmitting the recall petition.
The petition was presented to the Registrar on June 26, 1964, and by statute this petition was required to be processed by him no later than July 6th for transmission to state authorities for further processing a statutory requirement designed not only to protect the rights of the recall-petition signers but also those of the official sought to be recalled, who under the jurisprudence is, by this and similar requirements for expeditious processing, to be protected from prolonged harassment by recall proceedings not substantially complying with statutory requirements, including those requiring timely processing of the recall proceedings. (It is to be remembered that, if one recall petition lapses because of undue delays in prosecuting it, the signers of the recall petition are not deprived of their remedy, for they may simply circulate another petition if in fact they still desire the recall.)
In the present instance, thus, the trial court on December 7th was faced with the question of whether the recall petition filed on June 26th should be forwarded on the date of trial, some five months later than the date (July 6th) by which the statute required the Registrar to complete his action on the petition. (The appeal was filed in this court on February 3rd, some seven months after when, by statute, the Registrar's action was required to be completed.)
We find no error in the trial court's enjoining further proceedings on the June 26, 1964 recall petition under the circumstances where the substantial delayby which the trial court was presented with the question of whether the Registrar should have forwarded the recall petition some five months earlierwas attributable at least in part to the failure of the recall-petition signers to present the question for decision to the trial or appellate courts earlier, due variously to their pursuit of incorrect remedies, to their failure to appeal timely the interlocutory injunction or the denial of its dissolution, and to their failure to move to secure an early trial on the merits of the suit for permanent injunction.
Before concluding, however, we must note that we are not presented with an instance where these delays resulted solely because of delays over which the appellant had no control or timely sought to prevent, or to which he objected. If this were the circumstance, our ruling might well be different, as the Supreme Court likewise noted when, somewhat similarly, a demand for a recount election became stale due to protracted procedural steps and judicial proceedings. See Downs v. Pharis, 240 La. 580, 124 So.2d 553 at 558.
For the foregoing reasons, we affirm the judgment of the District Court permanently enjoining the defendant Registrar from transmitting the recall petition of June 26, 1964. The costs of this appeal are to be paid by the intervenor-appellant; all other costs as fixed by the trial court.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.