PER CURIAM.
This is an application to our supervisory jurisdiction praying for reinstatement of a preliminary injunction and the annulment of the trial court’s award for damages in the form of attorney’s fees for the wrongful issuance of the injunction.
The Relator brought suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to obtain a temporary restraining order and thereafter a preliminary injunction. A restraining order was *472 issued on July 31, 1972, and in due course, the court issued a preliminary injunction, which judgment was signed on September 1, 1972.
Thereafter, the Respondent, Mrs. Rosa Batts Johnson, through her attorney, filed an exception of venue to the proceedings in the Twenty-Fourth Judicial District Court, and after a hearing on October S, 1972, that Court maintained the exception of venue and ordered the proceedings transferred from that Court to the Ninth Judicial District Court for the Parish of Rapides, which judgment was signed on October 12, 1972.
The respondent, Mrs. Rosa Batts Johnson, then petitioned the Ninth Judicial District Court to dissolve the preliminary injunction alleging that the restraining order and preliminary injunction were improvidently issued and asked for damages and attorney’s fees. This matter was heard before the Ninth Judicial District Court on December 18, 1972, and the Court therein issued a judgment dissolving the preliminary injunction and awarded the Respondent attorney’s fees in the amount of $500.00. It is from this judgment that Relator seeks our supervisory jurisdiction.
 The Relator has not sought to appeal from the judgment of the trial court dissolving the preliminary injunction as is his right under LSA-C.C.P. Art. 3612. This article provides for appeals from orders or judgments relating to interlocutory preliminary injunctions.
An application for supervisory relief will be denied when the Relator has failed to seek appropriate relief by available appellate procedures, but instead attempts to secure such relief via the supervisory jurisdiction. Morris v. Transtates Petroleum, Inc., 234 So.2d 243 (La.App. 2nd Cir.1970), affirmed 258 La. 311, 246 So.2d 183 (1971); Cloud v. Bushnell, 168 So.2d 275 (La.App. 3rd Cir.1964).
The application for supervisory writs is therefore denied.
Writs denied.