SARTAIN, J.
Plaintiff instituted this action seeking a Writ of Mandamus which would direct the Honorable John J. McKeithen, Governor of the State of Louisiana, to proclaim an election in Ward Six of Jackson Parish for the purpose of recalling Tracy H. Rushing a member of the School Board from that ward. The trial judge refused to issue the Writ of Mandamus from which judgment plaintiff now appeals. For reasons hereinafter stated we are of the opinion that the decision of the District Court is correct and should be affirmed.
The facts giving rise to this litigation are not in dispute. Plaintiff, James A. *900 Hawthorne, was named as chairman and A. P. McConathy, Jr., was designated as vice chairman, for the purpose of representing 228 electors of Ward Six, Jackson Parish, who signed the recall petition. The petition was presented to Estelle Wilder, Registrar of Voters of Jackson Parish on December 4, 1967, on which date she certified that each of the signees were registered voters; that as of that date there was a total of 717 voters or electors in Ward Six; and that the said recall petition was signed by a number exceeding 25% of the total number of electors of Ward Six of Jackson Parish.
The petition was then presented to the Honorable Wade O. Martin, Jr., Secretary of State on December 5, 1967. On December 8, 1967 Mr. Martin attached an opinion from the office of the Attorney General and also verified that the certification of the Registrar of Voters of the Parish of Jackson was in proper form and met the qualifications of LRS 42:341 et seq.
The petition reached the Governor on Monday, December 11, 1967. On December 15, 1967 the Governor received requests from 49 persons who signed the original petition asking that their names be withdrawn.
The Governor submitted the names of these 49 persons to the Registrar of Voters of Jackson Parish who certified to him on December 26, 1967 that they were in fact the same persons who signed the original petition for recall.
The Governor refused to order the recall election on the grounds that with the withdrawal of the 49 signatures the original petition failed to contain the requisite number of signatures.
According to the certificate of the Registrar of Voters there are 717 registered voters in the Sixth Ward of Jackson Parish. Twenty-five per cent of this number is 179.25 or 180 voters, to satisfy the requirement for a petition for recall which requires “not less than twenty-five per cen-tum”. The petition originally contained 228 signatures. The withdrawal of 49 signatures left a balance of 179 legally qualified signatures or 1 short of the amount required.
The pertinent provisions of Title 42 of the Louisiana Revised Statutes of 1950 are as follows:
“§ 341. Recall authorized
Any public officer, excepting judges of the courts of record, may be recalled in accordance with the provisions of this Chapter.”
“§ 342. Petition for recall election
Whenever the recall of any public officer is sought, a petition shall be directed to the governor, which petition shall be confined to the request that an election be called and held in the voting area for the purpose of recalling the officer.
This petition shall be signed by a number of the electors of the voting area as will, in number, equal not less than twenty-five per centum of the number of the total electors of the voting area wherein and for which a recall election is petitioned.”
“§ 343. Certification of registrar of voters
The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, within ten days after presented to him for that purpose, the number of names appearing thereon, the number of persons who are electors of the■ voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. He shall also indicate on the petition the names appearing thereon, not electors of the voting area.”

*901 “§ 346. Secretary of State to certify as to necessary signatures
The Secretary of State shall certify upon the recall petition that the number of signatures required have been signed to the petition before presentation to the governor.”
“§ 347. Governor to order election
Within five days after a petition for a recall election is presented to the governor, in accordance with this Chapter, if the required number of registered voters qualified to vote at the last preceding election signed the petition, calculated from the certificates of the registrars of voters and Secretary of State, then the governor shall issue a proclamation ordering an election to be held for the purpose of deciding upon the issue of recalling the officer, which said election shall be ordered in the proclamation and held on the first Tuesday after the sixtieth day from the date of proclamation. * * * ” (Emphasis ours)
In brief the above statutes provide the essential requirements necessary to effect a recall election. Significantly, however, our law is silent with respect to any procedure which would permit an individual to remove his name from the original petition. And, this presents the major question for decision, namely: whether or not the petition for recall having commenced its course is subject only to the routine administrative actions of the Registrar of Voters, Secretary of State, and eventually the Governor or whether or not somewhere along this route a name may be withdrawn by request from the petition. To our knowledge this is the first time an appellate court of this state has had occasion to pass on this particular question.
In the absence of any statutory provisions or judicial pronouncements permitting or denying the withdrawal of a name, we must hold that it is within the authority of the Governor to accept properly certified requests of individuals to have their names withdrawn.
Plaintiff urges that LRS 42:347 imposes a mandatory duty upon the Governor to call an election if the petition itself reaches him in proper form. A close reading of this Section does make the duty mandatory on the part of the Governor if the required number of signatures are on the petition but it does not require the Governor to order a recall election where, as in this case, he has received a sufficient number of requests for the withdrawal of signatures which requests have been duly certified by the Registrar of Voters. These requests must be considered and when considered have the effect of reducing the total number of signatures. If a sufficient number of signatures remain his duty then is mandatory. To hold otherwise would in our opinion make it impossible for an individual having once signed a recall petition to ever have his name stricken therefrom.
The original petition was given to the Registrar of Voters on December 4, 1967, the Secretary of State on December 5, 1967 and the Governor on December 11, 1967. The 49 written requests for withdrawal are dated November 29 through December 14, 1967. Thirty of these requests are dated prior to December 4, 1967, the date the Registrar made her certification. The remaining 19 are dated either on or prior to December 14, 1967, or before the expiration of the 5 day period in which the Governor must act.
For the above and foregoing reasons the judgment of the District Court is affirmed at appellant’s cost.
Affirmed.