DOMENGEAUX, Judge.
This suit concerns itself with an application for a Writ of Mandamus by H. S. Coleman, Jr. against J. S. Allen, Registrar of Voters of LaSalle Parish, Louisiana, praying that the said Registrar be ordered to certify the names of various persons to the Secretary of State of Louisiana in connection with a previously certified recall petition.
The rule was heard in the district court, pursuant to previous fixing, on March 31, 1977, and judgment was rendered in favor of the defendant registrar, dismissing the rule to show cause and denying the writ of mandamus.
Writs were applied for by plaintiffs to this court and denied on April 13, 1977.
Plaintiff has appealed and we are informed by the parties that the Governor of the State of Louisiana has ordered that the recall election be held on June 28, 1977. Accordingly, we have expedited the hearing on appeal.
Appellant suggests two issues upon which the trial judge erred:
1. The interpretation of the recall election statute, as amended, LSA-R.S. 42:341 et seq.
2. Deprivation to plaintiffs of due process under the United States and Louisiana Constitutions.
We conclude that the reasons for judgment rendered by the able trial judge correctly sets out the facts of this dispute, and adequately disposes of the first issue, and we quote from same with approval, as follows:

The facts are as follows:
(1) Petitioner Coleman was elected a member of the school board from Ward 2 in LaSalle Parish in 1972 and his term of office is not due to expire until December 31, 1978.
(2) A committee has circulated a petition in Ward 2 of LaSalle Parish, Louisiana calling for the recall of petitioner. Their petition containing the names of persons purporting to be *85 qualified electors in Ward 2 of La-Salle Parish was filed with the defendant, Registrar of Voters, on the 25th day of March, 1977.
(3) Defendant, in his capacity as Registrar of Voters, certified the petition on the 26th day of March, 1977, and on the same date he submitted the petition by mail to the Hon. Paul Hardy, Secretary of State of Louisiana.
(4) Along with the petition referred to above and the certificate dated 26th March 1977, the defendant certified and submitted to the Secretary of State other lists of persons who by their signatures indicated it was their desire to remove their 47 names from the petition calling for the recall of plaintiff. These lists had been submitted to defendant by Mr. Coleman on or before the 26th day of March.
(5) On Monday, March 28th and Tuesday, March 29th, 1977, Plaintiff Coleman requested that defendant certify other lists, containing 105 more names of persons, including Plaintiffs Milton and Wainwright,[1] who seek to remove their names from the certified petition.
(6) Defendant has refused to certify any of the 105 names on the lists tendered to him after March 26th and he has refused to forward these lists to the Secretary of State or to the Governor. He has made the same refusal to proponents of the recall who seek to have their names added to the original petition.
(7) When Mr. Coleman tendered the lists after March 26th, defendant advised him he could not accept them. Nevertheless, Coleman left them at defendant’s office. Defendant brought the lists to Court, identified them and they were introduced in evidence.
As stated above, plaintiffs seek a Writ of Mandamus directing defendant to certify that those listed on the documents tendered after 26 March 1977 are Ward 2 electors who signed the petition certified on the 26th day of March 1977 and to transmit said lists and certificate to the Secretary of State of Louisiana before action is taken by the Governor of Louisiana pursuant to La.R.S. 42:347. The issue is whether La.R.S. 42:343(B) prohibits his doing so.
The Louisiana Legislature has established the following procedure in recall efforts:
§ 341 RECALL AUTHORIZED
Any public officer, excepting judges of the courts of record, may be recalled in accordance with the provisions of this Chapter.
§ 342 PETITION FOR RECALL ELECTIONS
A. Whenever the recall of any public officer is sought, a petition shall be directed to the governor. The petition shall be confined to the request that an election be called and held in the voting area for the purpose of recalling the officer.
B. This petition shall be signed by a number of the electors of the voting area as will in number equal not less than twenty-five per centum of the number of the total electors of the voting area wherein and for which a recall election is petitioned; provided, however, that where fewer than one thousand qualified electors reside within the voting area, the petition shall be signed by not less than forty per cent of said electors.
§ 343 CERTIFICATION OF REGISTRAR OF VOTERS; WITHDRAWAL OF SIGNATURES
A. The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, within ten days after presented to him for that purpose, the number of *86 names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. He also shall indicate on the petition the names appearing thereon, who are not electors of the voting area.
B. At any time after receipt of such petition and prior to such certification, the registrar of voters shall honor the written request of any voter whose name appears on such petition and who desires to have his signature stricken therefrom. No additional requests for the withdrawal of any signatures to such petition shall be accepted subsequent to certification of the petition by the registrar of voters.[2]
(C & D inapplicable)
§ 346 SECRETARY OF STATE TO CERTIFY AS TO NECESSARY SIGNATURES
The Secretary of State shall certify upon the recall petition that the number of signatures required have been signed to the petition before presentation to the governor.
§ 347 GOVERNOR TO ORDER ELECTION
Within five days after a petition for a recall election is presented to the governor, in accordance with this Chapter, if the required number of registered voters qualified to vote at the last preceding election signed the petition, calculated from the certificates of the registrars of voters and Secretary of State, then the governor shall issue a proclamation ordering an election to be held for the purpose of deciding upon the issue of recalling the officer, which said election shall be ordered in the proclamation and held on the first Tuesday after the sixtieth day from the date of proclamation. In order to determine the voting area within which an election to recall an officer shall be held, the parishes, or area which composes the state, district, parish, municipality or ward from which the officer’s successor would be chosen shall be considered the proper district, parish, municipality or ward, which shall determine the sufficient and proper signatures to the recall petition, and the number of signatures required shall be determined by calculation of the number of legally qualified voters of the state, district, judicial or otherwise, or of any parish, ward, or municipality, as set forth in R.S. 42:343. The persons whose names shall be counted in the certificate of the registrar of voters shall be registered voters of the district, or area, wherein the recall election is held.
§ 348 VOTING AREAS
The voting area for an election to recall an officer is the area which composes the state, district, parish, municipality or ward from which the officer’s successor is to be chosen.
This area is the basis on which to determine whether the signatures to the recall petition are sufficient and proper; the number of signatures required is determined by calculation of the number of electors of the voting area as set forth in R.S. 42:342.
§ 349 RECALL ELECTIONS TO BE IN ACCORDANCE WITH GENERAL ELECTION LAWS
Elections for the recall of any public officer shall be held under and in accordance with the general election laws of this state, unless otherwise provided in this Chapter.
Plaintiffs’ counsel has suggested that Hawthorne vs. McKeithen, 216 So.2d 899 (1st CIR.LA.APP. 1968) controls this situation. It held that legislative silence with respect to a procedure for the removal of a name from a recall petition left it up to the discretion of the Governor of Louisiana to accept properly certified requests of individuals seeking to have their names withdrawn from recall petitions, if received by him before he called the election pursuant to the mandate of La.R.S. 43:347.
Defense counsel suggests that Cloud vs. Dyess, 172 So.2d 528 (3RD. CIR.LA.APP. *87 1965) is controlling. It held that excessive delay in transmitting a petition to proper executive branch officials which went unchallenged by the proponents of the recall was justification for the trial court to enjoin the election because of laches. In doing so, they noted that the recall remedy is statutorily designed for prompt action following the circulation of a recall petition.
Neither case is controlling. Both were decided before the 1975 legislature enacted Paragraph B. of R.S. 42:343. As noted above, Paragraph B. states:
B. At any time after receipt of such petition and prior to such certification, the registrar of voters shall honor the written request of any voter whose name appears on such petition and who desires to have his signature stricken therefrom. No additional request for the withdrawal of any signatures to such petition shall be accepted subsequent to certification of the petition by the registrar of voters.
Both sides in this dispute agree no names can be added to the recall petition after its filing with the registrar. Here the registrar accepted none after the petition was filed. He did accept and honor written requests to have names withdrawn when they were presented. Logically, somewhere there has to be an end to the conflict and a count taken. The Courts in Hawthorne vs. McKeithen, supra, said since the legislature did not define when such competition should end, the line would be drawn at the Governor’s office. Since then and before this case arose, the legislature expressed its opinion.
Clearly, Paragraph B. of R.S. 42:343 prohibits a registrar from acting on requests for withdrawal of names from a petition for recall after he submits the petition to the executive officers designated by the legislature to determine if a recall election is required. It is the legislature’s prerogative to overrule the courts and to establish the rules applicable to recall elections and it has done so. This Court is obligated to obey that mandate.
This Court declines to direct the defendant to submit any names received after March 26, 1977 to the Secretary of State or to the Governor of Louisiana. The Clerk of Court is directed to certify a copy of the documents certified by the defendant on March 26, 1977 and to retain the certified copy in his records of this suit. He shall forthwith return the original of those documents to the Secretary of State. Costs are taxed to plaintiffs herein.”
Concerning the second issue, we fail to find that Mr. Coleman was deprived of his rights to due process. Neither in brief or at oral argument were we furnished with convincing reasons to find otherwise. The defendant registrar’s actions were within and not in conflict with the requirements of LSA-R.S. 42:343(A) and (B).
For the above and foregoing reasons, the judgment of the district court in favor of Registrar J. S. Allen, dismissing the rule to show cause and denying the writ of mandamus, is affirmed.
Costs are assessed against appellants.

AFFIRMED.

. Footnote by Appellate Court — Donald A. Milton and J. T. Wainwright, upon plaintiff Coleman’s motion in the district court, were added as plaintiffs in the Application for Writ of Mandamus.

. Emphasis by Appellate Court.