DOMENGEAUX, Judge.
Each year in June, Valley Electric Membership Corporation (VEMCO), holds an election to two or three of its seven Board of Directors seats. According to VEMCO’s by-laws, any member may be nominated for a seat on the Board of Directors by filing with VEMCO a nominating petition containing signatures of twenty-five members at least twenty days before VEMCO’s annual meeting. In 1980, VEMCO’s annual meeting was held June 28th. The deadline for submitting nominations by petition was June 9th.[1]
Noel Holmes, plaintiff herein, desired to be elected to the Board of Directors of VEMCO. In April of 1980, he filed with VEMCO a nominating petition containing thirty-five signatures. Prior to the June 9th deadline, VEMCO received letters from eleven of the thirty-five signatories asking that their respective names be removed from plaintiff’s nominating petition. At a special meeting of the Board of Directors held after business hours on June 9, 1980, the Board removed eleven of the signatures on plaintiff’s nominating petition, as per the written request of those eleven signing members. After this action, plaintiff’s nominating petition was left with only twenty-four valid members’ signatures, one short of the required minimum of twenty-five. Consequently, plaintiff’s petition was invalidated by the Board and he was disqualified from running for a seat on the Board of Directors.
Plaintiff then filed this suit for a preliminary injunction prohibiting VEMCO and *155 the Board of Directors, the defendants herein, from holding the election. Plaintiff also asked for an order forcing VEMCO to hold a new election with plaintiff’s name on the ballot. He also requested expenses and attorney’s fees. The trial court rejected all of plaintiff’s demands. Subsequently the election was held without Holmes’ name on the ballot. From that judgment, Holmes has perfected this devolutive appeal.
ON MOTION TO DISMISS
VEMCO has filed a motion to dismiss this appeal as being moot because the election has already been held. VEMCO argues that an injunction cannot afford Holmes any relief. Insofar as plaintiff’s request for a preliminary injunction is concerned, VEMCO’s contention must be sustained. However, in his petition, plaintiff requested an order forcing VEMCO to hold a new election with Holmes’ name on the ballot. This issue has not been rendered moot, therefore it is validly before this Court.
ON THE MERITS
It is plaintiff’s position, first, that he was automatically nominated the instant he filed his timely petition bearing the signatures of twenty-five or more VEMCO members. He argues that since the corporation’s by-laws contained no provisions for delayed nomination, nor for withdrawal of signatures from the petition, nor any other qualifications other than those met by plaintiff when he filed his petition, then the actions of the defendants in allowing withdrawals from the petition were ineffective and did not disqualify plaintiff’s nomination.
Secondly, it is the position of plaintiff that even if withdrawals were allowed, he still has the minimum twenty-five signatures required for nomination.
We affirm the trial court’s judgment deciding both issues in the defendant’s favor.
Plaintiff cites no authority for the proposition that persons signing the nominating petition could not subsequently withdraw their names before the filing deadline. Plaintiff relies only upon VEMCO’s by-law which neither permits nor denies the right of withdrawal. No Louisiana case has yet considered this precise point, but another case has decided a very similar issue in favor of those who withdrew their names from a recall petition. See Hawthorne v. McKeithen, 216 So.2d 899 (La.App. 1st Cir. 1968).
In Hawthorne, a petition was circulated for the purpose of recalling a School Board member. The petition contained a sufficient number of signatures to effect a recall election. After the petition reached the Governor’s Office, the Governor received a request from forty-nine persons who signed the original recall petition asking that their names be withdrawn. The Governor refused to order the recall election on the ground that, with the withdrawal of forty-nine signatures, the original petition failed to contain a requisite number of signatures. We find the situation in Hawthorne analogous to the one at bar and adopt its rationale. We hold that in the absence of a statute or of a provision in the corporation’s by-laws or of a decision by a higher court prohibiting the withdrawal of signatures from a nominating petition, a signature can be validly withdrawn if withdrawal is requested timely.
Alternatively, plaintiff argues that his petition contains a sufficient number of signatures even if the withdrawals are allowed. The evidence shows that there were thirty-five signatures on the petition. Before the June 9th deadline for filing nominating petitions, VEMCO received eleven withdrawal letters purportedly signed by eleven members of VEMCO who also signed the nominating petition. As to ten of these members, there is no question but that the members signed both the petition and the withdrawal letter or authorized another to sign for him. The only question involves the validity of the signature of Virginia Ann McCart on the nominating petition and on the withdrawal letter.
Among others, the nominating petition contained the names of Henry McCart, Jr., his wife Virginia Ann McCart, and his father Hamp McCart. Letters of withdrawal *156 were subsequently filed with VEMCO for each of these three individuals. However, at trial, Vannie Rogers, the administrative assistant to VEMCO’s general manager revealed that she witnessed Henry McCart, Jr. sign Virginia Ann McCart’s name to the withdrawal letter submitted to VEMCO on Virginia’s behalf. She also witnessed him sign a withdrawal letter in his own behalf. There was no evidence that Henry McCart, Jr. was authorized to sign Virginia Ann McCart’s name to a withdrawal letter. Neither Henry nor Virginia testified as witnesses although it appeared that both may have been subpoenaed.
Plaintiff argues that the withdrawal of Virginia Ann McCart should be disregarded on the basis that her signature was forged. If Virginia Ann McCart’s withdrawal letter is disregarded, but her signature on the nominating petition is treated as valid, then plaintiff would have a total of twenty-five valid signatures on his petition, and a new election — with plaintiff’s name on the ballot — would be in order.
However, the trial judge disregarded Virginia Ann McCart’s signature altogether, leaving plaintiff with only twenty-four valid signatures. After reviewing the evidence, we cannot conclude that the trial judge committed manifest error in doing so. According to his reasons for judgment, the trial judge relied upon the testimony of Hamp McCart. Hamp McCart testified that he authorized his son, Henry McCart, Jr., to sign his name to plaintiff’s nominating petition. Subsequently, for reasons of his own, he authorized his son to sign his name to a letter withdrawing his name from the petition. He also testified that he was “pretty sure” that Virginia Ann McCart’s name got on the nominating petition the same way, i. e. that her name was also signed by Henry McCart, Jr. This testimony, although hearsay, was unobject-ed to. It was believed by the trial court even though Hamp McCart also testified earlier that he did not recognize Virginia Ann McCart’s signature and he did not know how her signature got on the petition.
Notwithstanding the conflicting testimony by the same witness, we cannot say that the trial court erred in believing that Henry McCart, Jr. signed his wife’s name to both the nominating petition and the letter of withdrawal. After examining the six McCart signatures (three on the nominating petition, three on the letters of withdrawal) one cannot help but believe that the same person penned them all. One need not be a handwriting expert to notice that the signature of Virginia Ann McCart on the withdrawal letter — proven at trial to be the signature of Henry McCart, Jr. — is strikingly and remarkably similar in many respects to the Virginia Ann McCart signature on the nominating petition. Additionally, we note that the plaintiff failed to prove that Virginia Ann McCart signed the nominating petition.[2] Thus, there is ample evidence in the record to support the trial court’s determination that the signature of Virginia Ann McCart on the nominating petition is invalid.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs are assessed against the plaintiff, Noel Holmes.
AFFIRMED.

. Since the 20th day before the meeting was a Sunday, nominations could be filed until the close of the next business day, June 9th.

. Plaintiff witnessed fifteen of the signatures and his friend, John H. Bell, plaintiff’s witness, testified that he witnessed sixteen of the signatures. However, neither one witnessed the signatures of Hamp McCart nor Virginia Ann McCart.