Dear Mr. Lorio:
We are in receipt of your request for an Attorney General's opinion concerning the petition establishing term limits for councilmen in St. John the Baptist Parish. Your letter states that pursuant to the initiative powers granted the citizens of St. John the Baptist Parish by its Home Rule Charter, a petition establishing term limits for councilmen was presented to the council for certification within thirty days thereof on September 12, 1995. The procedure for said process generally tracks that of the recall process established by R.S. 18:1300.1, et seq.; however, the charter does not provide specific authority for the voluntary removal of signatures of those signataries expressly desiring same. Therefore, you have requested an opinion on the following question:
 Whether R.S. 18:1300.3, which allows any voter to request that his signature be stricken, is applicable to the process described above?
As your letter states, R.S. 18:1299 provides that propositions to be submitted to the voters authorized by a home rule charter are subject to the procedures established by Chapter 6 of Title 18. Chapter 6C addresses recall petitions and provides at R.S.18:1300.3:
 B. After receipt of the copy of the signed petition as provided in R.S. 18:1300.2(C), and prior to certification of said petition, the registrar of voters shall honor the written request of any voter who either desires to have his signature stricken from the petition or desires to have his signature added to the petition.
Prior to the enactment of this law, in the case of Hawthornev. McKeithen, 216 So.2d 899 (La. 1 Cir. 1968), the First Circuit Court of Appeal was the first appellate court of the state to have occasion to pass on the question of whether or not a petition for recall was subject only to the routine administrative actions of the Registrar of Voters, Secretary of State, and eventually the Governor or whether or not somewhere along the route a name may be withdrawn by request from the petition. The Appellate Court held:
 "In the absence of any statutory provisions or judicial pronouncements permitting or denying the withdrawal of a name, we must hold that it is within the authority of the Governor to accept properly certified requests of individuals to have their names withdrawn.
* * *
 To hold otherwise would in our opinion make it impossible for an individual having once signed a recall petition to ever have his name stricken therefrom." Id. at 901.
The Court of Appeal for the Third Circuit followed the reasoning of Hawthorne in the case of Holmes v. ValleyElectric Membership Corporation, 398 So.2d 153, (La. 3 Cir. 1981), and held that in the absence of a statute or of a provision in a corporation's by-laws or of a decision of a higher court prohibiting the withdrawal of signatures from a nominating petition, a signature could be validly withdrawn if the withdrawal was requested timely.
In researching this matter, we have not found a decision of a higher court prohibiting the withdrawal of signatures from a petition. A provision of state law, R.S. 18:58(D) (repealed by Act 312 (1995) and redesignated as R.S. 18:3, presently pending preclearance by the United States Department of Justice), prohibits the registrar from honoring the request of any voter or signatory who desires to have his signature stricken from a petition or added to a petition unless such addition or deletion is expressly authorized by law. However, R.S. 18:58(D), (18:3(B)), applies only when the registrar is required to certify signatures on a petition pursuant to any provisionof the constitution or laws of this state. Since this matter is authorized by a home rule charter and not
a provision of the constitution or state law, R.S. 18:58(D), (18:3(B)), is not applicable to this situation. Accordingly, it is the opinion of this office that in the absence of a provision in the Home Rule Charter of St. John the Baptist Parish prohibiting the withdrawal of signatures from an initiative petition, a signature can be validly withdrawn if the withdrawal is requested timely and is certified by the registrar that the signature is in fact the same person who signed the original petition.
We hope that this opinion adequately addresses your question. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
arl/opinions/ 95-409
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL