Dear Ms. Wooten:
We are in receipt of your request for an Attorney General's opinion with regard to the recall petition directed toward Audie Levron, Councilman, District 6, Lafourche Parish Council. The registrar of voters certified the recall petition on May 27, 1998, and has presented same to the governor. Therefore, you have requested an opinion as to whether the governor should issue a proclamation ordering an election to be held for the purpose of voting on the question of recall.
LSA-R.S. 18:1300.3 (C) requires the registrar to send the original petition to the governor immediately after certification. Section 1300.7 requires the governor to issue a proclamation, within fifteen days after the petition is presented to him, to order an election to be held for the purpose of voting on the question of recall of the officer if the required numberof registered voters sign the petition for recall.
LSA-R.S. 18:1300.3 requires the registrar to certify to (1) the number of names on the petition; (2) the number of qualified electors of the voting area within the parish whose signatures appear on the petition; (3) the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state; and to indicate on the petition the number of names who are not electors of the voting area.
The recall petition, containing 54 pages, was properly certified by the registrar of voters in accordance with LSA-R.S. 18:1300.3. The registrar's letter to the governor, summarizing the results of her certification of the recall petition, provides as follows:
 TOTAL NAMES APPEARING ON THE RECALL PETITION ........................... 1,625
 TOTAL NUMBER OF VOTERS REGISTERED IN DISTRICT 6 ......................... 3,700
 NUMBER OF QUALIFIED SIGNATURES ON RECALL PETITION .................... 1,298
LSA-R.S. 18:1300.2 (B) requires a recall petition to be "[s]igned by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area wherein and for which a recall election is petitioned; however, where fewer than one thousand qualified electors reside within the voting area, the petition shall be signed by not less than forty percent of said electors." The registrar certified that the total number of voters registered in district 6 was 3,700. Therefore, in calculating thirty-three and one-third percent of 3,700, a total of 1,233 valid signatures is required on the recall petition for the governor to issue a proclamation for a special election.
The registrar certified that there are a total of 1,298 qualified signatures on the recall petition, which does meet the required thirty-three and one-third percent. Therefore, it is the opinion of this office that the validated signatures on the recall petition are sufficient in number for the governor to issue a proclamation ordering a special election on the question of recall for Audie Levron, Councilman, District 6, Lafourche Parish Council.
The proclamation ordering the recall shall provide for the election to be held on the next available date specified in R.S.18:402 (F), which is Saturday, July 18, 1998. The governor shall publish the proclamation in the official journal of the Parish of Lafourche, and send by registered or certified mail a copy of the proclamation to the secretary of state and to the clerk of the district court for said parish within 24 hours after issuing the proclamation.
We now address the additional information received by your office on June 1, 1998, which is a copy of a faxed transmission (faxed to Ms. Kim Wooten) from Mr. Levron, but which is addressed to the Attorney General. In sum, this letter states that Mr. Levron interviewed approximately 225 people in his district and was told that they were misled in signing the petition, and thought that the petition was for other unrelated purposes, such as redistricting or school issues. Mr. Levron also attached thirteen (13) form letters which citizens signed and stated the reason they were "misinformed as to the reason of the recall". Although the law authorizes a person to request in writing to have his signature stricken or added to a recall petition at any time after receipt of the petition but prior to certification by the registrar (R.S. 18:1300.3(B), none of these form letters make such a request, nor were they submitted to the registrar of voters in accordance with law.
In the case of Coleman v. Allen, 347 So.2d 84 (La.App. 3rd Cir. 1977), the Court held that lists of persons desiring to have their names withdrawn from a recall petition which were submitted to the registrar of voters after the registrar's certification were not required to be accepted by the registrar. The court mentioned an older case, Hawthorne v. McKeithen, 216 So.2d 899
(La.App. 1st Cir. 1968), which allowed the governor to accept properly certified requests of individuals seeking to have their names withdrawn from the recall petition where the law was silent on the issue, and found that Hawthorne was no longer controlling since the legislative enactment of R.S. 18:343(B) (now, R.S.18:1300.3(B)). The court noted:
 Logically, somewhere there has to be an end to the conflict and a count taken. The courts in Hawthorne vs. McKeithen, supra, said since the legislature did not define when such competition should end, the line would be drawn at the Governor's office. Since then and before this case arose, the legislature expressed its opinion . . . It is the legislature's prerogative to overrule the courts and to establish the rules applicable to recall elections and it has done so. Coleman, at 87.
We find it important to note that failure to submit these 13 form letters of "misrepresentation" which did not specify whether the person was making a written request to have his name withdrawn from the petition, does not in anyway deprive Mr. Levron from contesting the recall, or any proceedings in relation to the recall, in any court of competent jurisdiction, for fraud or other illegality (R.S. 18:1300.17), in accordance with the procedures set forth in R.S. 18:1401-1414. Nor is he deprived of filing a pre-election suit to enjoin the conduction of a recall election, should he choose to pursue such action.
If we can be of further assistance in this matter, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr Enclosuresart/opinions/1998/98-0244
cc: Hon. Audie T. Levron Registrar, Sterling C. Diaz Hon. W. Fox McKeithen Hon. Jerry M. Fowler